PORTER *v.* WATERMAN.

Opinion delivered January 6, 1906.

1. STATUTE—IMPLIED AMENDMENT.—Section 23, art. 5, Const. 1874, providing that "no law shall .be revived or amended or the provisions thereof extended or conferred by reference to its title only," does not prevent a statute from repealing or impliedly amending a prior statute on the same subject, to the extent that they are in conflict, although the latter is not mentioned in the former. (Page 386.)

2. PUBLIC CORPORATION—LEVEE DISTRICT.—The act of March 16, 1893, impliedly constituted the Linwood and Auburn Levee District a public corporation, and it is competent for the Legislature to change its boundaries. (Page 386.)

3. LOCAL IMPROVEMENT—ASSESSMENT.—It is within the power of the Legislature to authorize special assessments for local improvements to be made upon property according to its valuation. (Page 386.)

4. CONSTITUTIONAL QUESTION—WHEN RAISED.—The court will not hold a statute unconstitutional where the question is not necessary to the determination of the cause. (Page 386.)

Appeal from Lincoln Chancery Court; JOHN M. ELLIOTT, Chancellor; affirmed.

*J. Bernhardt,* for appellants; *Chester B. Masslich* and *Eugene Dupee* of counsel.

1. Equity will enjoin an illegal issue of bonds at the suit of any taxpayer, when it is shown that the illegal issue will create a charge, in the way of debt, against his property in common with that of other taxpayers. 132 Ind. 217; 59 N. Y. 192; 36 Pac. 293; 8 L. R. A. 291; 37 Wis. 168; 57 Wis. 430; 85 Wis. 411; Fed. Cas. No. 3725 (U. S. 1868); 112 Cal. 537; 24 Barb. 187; 84 Ill. 626; 30 Ark. 101; *Ib.* 278; 34 Ark. 603; 46 Ark. 471.

2. The act of June 16, 1897, is invalid for noncompliance with art. 5, § 22, Const. of Arkansas. The act of April 24, 1905, is also invalid for same reasons. 49 Ark. 131; 52 Ark. 290; 52 Ark. 326; 25 Ark. 289; 29 Ark. 252; 31 Ark. 236; 69 Ark. 548; 64 Ark. 83. Statutes imposing taxes must be strictly construed. 26 Am. & Eng. Enc. of Law (2 Ed.), 653, § 12 and notes; *Ib.* 669, § 8. In a valid special assessment, the aggregate assessment is not greater than the aggregate benefit, and the assessment as to each piece of property is proportionate to the special benefits to that property. 59 Ark. 513; Dillon on Mun. Corp. (4 Ed.), § 761; 172 U. S. 269; 181 U. S. 324; 56 Vt. 469; 65 Pa. St. 146, 151, 153; 125 U. S. 345; 111 U. S. 701.

3. The act authorizes the taking of private property for public use without just compensation, and is invalid. Art. 2, § 22, Const.; 13 Ark. 199; 15 Ark. 43; 31 Ark. 499; 49 Ark. 167; *Ib.* 492.

*Rose, Hemingway, Cantrell & Loughborough,* for appellees.

1. The Constitution does not prohibit the passage of an act which extends the procedure or remedy under an existing law by reference to its title only. 47 Ark. 481; 49 Ark. 131; 52 Ark. 329; 60 Ark. 349; 64 Ark. 469. The Legislature may pass a declaratory act which, though inoperative in the past, may act

in the future.   12 Wheat. 136, 148; Endlich on Int. Stat. 372, 376; 23 Wis. 634.   Where the meaning of the act is obvious, its purpose can not be defeated merely because its words might have been more exact.   Suth. Stat. Con. § 260; 34 Ark. 263; 35 Ark. 56.; 58 Ark. 116; 37 Ark. 494.   The assessment may lawfully be made upon the basis of the assessed value of the property. 181 U. S. 394; 21 Ark. 47; 48 Ark. 370.

2.   It does not appear that it will be necessary to take private property in order to carry the act into effect.

BATTLE, J.   D. O. Porter, a resident and landowner in Desha County, and C. E. Lee, a resident and landowner in Lincoln County, filed their several complaints in the chancery court for the Varner district of Lincoln County, against the Board of Inspectors of the Linwood and Auburn Levee District and others, the purpose of which was to enjoin the officers of the district from issuing bonds under the act of the General Assembly of April 24, 1905 (Acts of 1905, p. 480).

There was a general demurrer to each complaint, which was sustained by the court; and, the plaintiff declining to plead further, their complaints were dismissed, and they appealed.

The Linwood and Auburn Levee District was created by an act of the General Assembly of the State of Arkansas, which became a law on the 16th day of March, 1893, which authorized the district to build certain levees, and for that purpose vested it with the necessary powers.

On the 24th of April, 1905, the General Assembly, by an act entitled "An Act to authorize the Board of Directors of the Linwood and Auburn Levee District to issue bonds for the purpose of building, rebuilding, repairing, raising and maintaining levees on the south bank of the Arkansas River, in Lincoln County, from the Jefferson County line to the Desha County line," after stating that said district was "composed of the following political townships, towit:   Auburn, Choctaw, Kimbrough, and all that part of Bayou Bartholomew township lying north of Bayou Bartholomew and all of Wells Bayou township lying north of Wells Bayou, in Lincoln County, Arkansas, and Randolph and Walnut Lake townships in Desha County, Arkansas," authorized the board of directors of that district "to borrow money for the purpose of building, rebuilding, repairing, raising and maintaining the levees

on the south bank of the Arkansas River in Lincoln County, from the Jefferson County line to the Desha County line, and for that purpose to issue bonds of said board to an amount not exceeding $100,000, and to sell and negotiate the same at any amount not less than par." Appellants say this act is void, because. it seeks to amend the act of March 16, 1893, in violation of section 23 of article 5 of the Constitution of this State, which provides that "no law shall be revived or amended or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length." But this objection does not apply to the act of April 24, 1905. It does not attempt to revive, amend, extend or confer the provisions of any other act "by refer-ence to its title only." It has been repeatedly held by this court that a statute repeals or operates as an amendment of a prior law on the same subject, to the extent that they are in conflict, although the latter is not mentioned in the former. *Scales* v. *State,* 47 Ark. 481; *Churchill* v. *Hill,* 59 Ark. 54. 64; *Leep* v. *Railway Company,* 58 Ark. 407; *St. Louis, I. M. & Sou. R. Co.* v. *Paul,* 64 Ark. 95, and cases cited; *Watkins* v. *Eureka Springs,* 49 Ark. 131; *Baird* v. *State,* 52 Ark. 329; *State* v. *Martin,* 60 Ark. 349; *Nations* v. *State,* 64 Ark. 469.

The act of March 16, 1893,. in effect and impliedly constituted the Linwood and Auburn Levee District a public corporation. *Board of Levee Inspectors of Chicot County* v. *Crittenden,* 94 Fed. Rep. 613. And it was competent for the Legislature to change its boundaries, as it did by the act of April 24, 1905.

It is argued that the act of March 16, 1893, is invalid, because it provides that the taxes levied under it for the purpose of defray-ing the expenses of building levees shall be according to the assessed value of the property taxed, and not in proportion to benefits received. But it has been decided otherwise by the Supreme Court of the United States in *Webster* v. *Fargo,* 181 U. S. 394. In that case it was held that it was within the power of the Legislature to authorize special assessments for local improve-ments to be made upon property according to its valuation. For a full discussion of this question, see *French* v. *Barber Asphalt Company,* 181 U. S. 324, and cases cited.

Appellants say that the act of March 16, 1893, authorizes

the taking of private property without the consent of the owner for public use without just compensation, and is in conflict with section 22 of article 2 of the Constitution of this State. It does not appear that it will be necessary to take private property without the consent of its owner to carry the act into effect. If it will not, the clause cannot affect the act. A decision of this question is not necessary to the determination of this cause, and therefore need not be considered. *Railway Company* v. *Smith,* 60 Ark. 221, 239, 240.

The act of April 24, 1905, is sufficient to authorize the issue of bonds by the Linwood and Auburn Levee District.

Decree affirmed.