BAKER *ex parte.*

Opinion delivered December 20, 1915.

1. INSANITY—JURISDICTION OF CIRCUIT COURT.—The circuit court has jurisdiction to commit a person to the State Hospital for Nervous Diseases, where said person has been acquitted of a crime with which he has been charged, on the ground of insanity.

2. INSANITY—JURISDICTION OF CIRCUIT COURT—PROBATE COURT.—Where a defendant in a criminal prosecution is acquitted because of insanity, the certificate of the circuit judge only makes a *prima facie* case until there is an adjudication by the probate court, which certificate can be invoked at any time.

3. INSANITY—JURISDICTION OF CIRCUIT COURT—VALIDITY OF STATUTE.—Kirby's Digest, § § 4204-6-7, giving circuit judges jurisdiction over an insane person acquitted of a crime on the grounds of insanity, *held* valid, and not an invasion of the exclusive jurisdiction of the probate court.

4. INSANITY—ACQUITTAL OF DEFENDANT CHARGED WITH CRIME.—Where a person charged with the commission of a crime, is committed to the State insane asylum by certificate of the circuit judge, after acquittal on the ground of insanity, he may apply to the probate court for an adjudication of the question of his sanity.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Walter M. Purvis,* for petitioner.

1. The circuit judge is without authority to issue the certificate of commitment to the asylum, and the statute conferring that authority is void. Vanfleet on Collateral Attack, § § 16, 63, 67; 5 Ark. 485; 48 *Id.* 308; Const., art. 7, § 34, art. 19, § 19; Kirby's Dig., § § 1550, 1551, 2277, 4204-7; 58 Ark. 407; 23 Cyc. 1597, 1609; Odro-

naux on Jud. Insanity, 36. The act of April 13, 1893, is unconstitutional. Art. 2, § 10; Const. U. S., art. 7.

*Wallace Davis,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The act is not unconstitutional. Const., art. 7, § 34; Act April 19, 1873; Kirby's Dig., § § 4040, 4206; 1 L. R. A. (N. S.) 540. The circuit court had jurisdiction at the adoption of the Constitution of 1874, which formerly existed in the probate court. When that Constitution was adopted it withdrew from the circuit court its probate jurisdiction, but not its jurisdiction of insanes, when insanity was pleaded as a defense to crime.

McCulloch, C. J. The petitioner is confined in the State Hospital for Nervous Diseases (originally known as the Arkansas State Lunatic Asylum) under a certificate of the judge of the circuit court of Franklin County, where he was tried, according to the substance of the certificate, on a charge of murder and acquitted on his plea of insanity. He sued out a writ of *habeas corpus* before the chancellor of the Pulaski Chancery Court against the superintendent of said institution and sought to be discharged from custody under the writ on the ground that he was unlawfully detained. The chancellor sustained the State's demurrer to the petition and made an order remanding the petitioner to the custody of the superintendent of the State Hospital. The order of the chancellor has been brought before us by a writ of *certiorari* for review.

The contention is that the circuit judge was without jurisdiction to issue a certificate of commitment to the asylum, and that the statute conferring that authority is void because it is in conflict with the provisions of the Constitution which vests in the probate courts of the State "exclusive original jurisdiction in matters relative to * * * persons of unsound mind and their estates." The State's institution for the care of persons of unsound mind was first authorized by the act of the General Assembly of 1873, and it was constructed and has been maintained since that time. The act of April 13, 1893, relates

to the confinement in the asylum of persons who have been acquitted of crime on a plea of insanity, or who are found to be insane during the pendency of the charge. Three of the sections of that act read as follows:

"Sec. 4204. It shall be the duty of the superintendent of the State Insane Asylum to admit into said asylum, upon the certificate of the judge before whom the case is pending upon presentment or indictment, any person that has been, or that may hereafter be, acquitted upon a plea of insanity of the charge made in said presentment or indictment, or any person who has been, or may hereafter be, adjudged insane, as provided by law where such person has been held upon presentment or indictment and can not be tried because of such insanity."

"Sec. 4206. Any person admitted to the said asylum under the provisions of this act, shall be there and then kept until restored to reason, which shall be ascertained as in case of other insane persons in said asylum.

"Sec. 4207. When any person confined in said asylum under the provisions of this act shall be ascertained to be restored to reason, it shall be the duty of the said superintendent to give notice thereof to the sheriff of the county in which the indictment or presentment against such person is pending, and said sheriff shall forthwith proceed to said asylum and take such person into his custody, and convey him to the jail of said county, or hold him in custody until admitted to bail or otherwise discharged according to law." Kirby's Digest, § § 4204-6-7.

(1-2) It will be seen from reading these sections that the act provides for the commitment of persons who have been acquitted on a plea of insanity, and those who are being held on presentment or indictment and "can not be tried because of such insanity." Section 4206 relates to the discharge of persons of the class first mentioned above, and section 4207 relates to the last mentioned class. Circuit courts derive their jurisdiction over insane persons merely as an incident to the exercise of criminal jurisdiction, for jurisdiction in other respects is expressly vested by the Constitution in the probate

courts of the State. The jurisdiction of the circuit court to pass on the question of the sanity of one under indictment for crime arises as a necessary incident to the enforcement of the criminal laws. There is not the slightest reason to believe that the framers of the Constitution meant, by the language giving exclusive jurisdiction to the probate courts over the persons and estates of persons of unsound mind, to take away the power of the circuit courts to determine the question of the sanity of a person before that court on a charge for crime. It is equally evident that the lawmakers who framed the act of 1893 had no intention of invading the jurisdiction of the probate court, but intended to make the provision for a certificate of the circuit judge, where there has been an acquittal on a plea of insanity, merely a means for the admission to the asylum of a person charged with crime. That, too, follows as merely an incident to the criminal jurisdiction of the circuit court. It does not constitute an adjudication of the present insanity of the person charged, but merely *prima facie* evidence of that fact upon which the accused may be held until the question of his insanity can be adjudicated in a court exercising exclusive jurisdiction over such matters. Section 4206 must be construed to relate, not merely to persons who have been restored to reason since the confinement began, but also to the right of persons confined under such certificate to seek an adjudication of the question of his sanity at the time of the commitment. In other words, the certificate of the circuit judge only makes a *prima facie* case until there is an adjudication by the probate court, which can be invoked at any time.

(3-4) Viewing the statute in that light, it is not an invasion of the exclusive jurisdiction conferred upon the probate court, and it is a valid enactment. The remedy of the petitioner is, therefore, to apply to the probate court for an adjudication of the question of his sanity, and if he is found to be sane he is entitled to a discharge from the asylum.

The chancellor was therefore correct in refusing to discharge the petitioner, and the writ of *certiorari* is quashed and the judgment of the chancellor on the *habeas corpus* proceeding is affirmed.

HART, J., dissents.