ROWLAND *v.* ROGERS.

4-5774                                        137 S. W. 246

Opinion delivered February 19, 1940.

*Jack Holt,* Attorney General; *Maupin Cummings, Bernal Seamster* and *Suzanne C. Lighton,* for appellant.

GRIFFIN SMITH, C. J. On hearing in circuit court in a proceeding instituted by petition for writ of *habeas*

*corpus,* appellee was released from State Hospital.[1] The hospital superintendent, to whom the writ was directed, has appealed.

In the order releasing appellee the trial court found that ". . . the county and probate judge did not have jurisdiction of said cause."

The attorney general treats the judgment as a finding that the county court was without jurisdiction to commit insane persons to State Hospital. It is urged that act 132 of 1939 confers such authority upon county judges, and that the act is not in conflict with the constitution[2]. We do not think that question must be determined in order to dispose of the instant case[3].

Section 12546 of Pope's Digest provides that any county and probate judge to whom a citizen's affidavit has been presented shall fix a time ". . . as soon thereafter as may be practicable for hearing, and at such time appointed shall proceed to hear the testimony of such competent witnesses as may be produced at such hearing, and, in addition to the testimony of such witnesses, shall cause such insane person to be examined by two reputable, competent, and disinterested physicians, such examinations to be made at different times and places separately, who shall severally present to the county judge a sworn statement of the result of such examinations."

Twenty-six questions are set out in the statute, ". . . which shall be included [in the examinations made by the physicians"].

Section 12547 provides that "If it shall appear to the said county and probate judge, upon his hearing of all the testimony in the case, and from the statement of the physician or physicians, as indicated in [§ 12546] that the original statement filed with him by the said

---

[1] References in the pleadings and briefs are to "State Hospital for Nervous Diseases." By act 240 of 1933 the name of the institution was changed to "State Hospital."

[2] Article 7, § 34, of the constitution of 1874, as amended by constitutional amendment No. 24, adopted in 1938.

[3] *Porter* v. *Watermann,* 77 Ark. 383, 91 S. W. 754; *Martin* v. *State,* 79 Ark. 236, 96 S. W. 372. [See cases cited in West Publishing Company's Arkansas Digest, v. 4, p. 624.]

citizen is true, he shall so decide, and shall without delay transmit to the superintendent of the state hospital his decision in writing, with copies of the original statement filed with him by said citizen, and of the statement of said physician or physicians, including the interrogatories and answers as heretofore specified.''

The petitioner below (appellee here) alleges that after the filing of a purported citizen's statement with the county and probate judge of Clark county, the judge did not set a time for hearing testimony; that testimony of competent witnesses was not received; that the petitioner was not informed that a citizen's statement had been filed; that he was not given a hearing of any kind, ''. . . despite the fact that he was on the public streets and his whereabouts were well known at all times.''

There is the further allegation that petitioner was not examined by any physician, that no questions were asked him as required by law, either by a physician or anyone else, and ''. . . he was not examined in any way so as to satisfy said statute for such commitment.''

There was an averment that the county judge failed to hear testimony and make a written decision and transmit a finding to the hospital superintendent.

There is this final allegation: ''What actually occurred was that a purported citizen's statement was prepared, blank forms were filled in by two physicians who did not know the condition of petitioner and without any examination whatever of him a warrant of commitment was forthwith issued by the county judge of Clark county, and with said statements was placed in the hands of the sheriff with orders to transport petitioner to State Hospital, without any hearing of testimony and without giving petitioner any opportunity to present any evidence as to his sanity, or any opportunity to be heard at all.''

There was an allegation of sanity, supported by a number of affidavits.

The record does not disclose a response to the petition. The trial court's judgment recites that the cause

was submitted ". . . upon the petition and affidavits." The finding was ". . . that the petition should be granted for the reason that the county and probate judge did not have jurisdiction of said cause, and for that reason the commitment was void."

The petition first alleged that the so-called citizen's statement was filed with "the county and probate judge of Clark county." All other references are to the county judge, as distinguished from the probate judge. The circuit court, however, found that the county and probate judge did not have jurisdiction. It did not find that jurisdiction of the subject-matter was wanting. Since we are agreed that jurisdiction of the person was lacking, it is not necessary to construe act 132 of 1939, or to consider constitutional amendment No. 24. [See *Lewis* v. *Smith*, 198 Ark. 244, 129 S. W. 229, *Wooten* v. *Pennel*, 140 S. W. 2d 108.]

In the absence of a response, we must look to the petition and its exhibits. The petition alleges facts which, if true, rendered the proceedings void even if we should assume (which we do not decide) that the county court had jurisdiction of the subject-matter.

The rule is that where a petitioner for a writ of *habeas corpus* is in custody under process regular on its face, nothing will be inquired into except the jurisdiction of the court whence the process came. ·*Ex parte Williams*, 99 Ark. 475, 138 S. W. 985.

In *Ex parte Farley*, 40 F. 66, it was said: "The court may grant this great 'writ of right' in every case where a party is restrained of his liberty anywhere in the territorial jurisdiction of the court, against the constitution and laws of the United States, or the petitioner is deprived of his liberty without due process of law."

Our own statute (Pope's Digest, § 6341) provides that if it appear that the prisoner is in custody by virtue of process from any court legally constituted, or issued by an officer in the exercise of judicial proceedings before him, such prisoner can only be discharged for one of the following causes [six being listed]: (Fourth)

"Where the process, though in proper form, has been issued in a case, or under circumstances, not authorized by law."

Clearly the case at bar comes under this subdivision of § 6341 in that the warrant or order delivered to the sheriff was issued in circumstances not authorized by law.

The judgment of the circuit court is affirmed.