Terry Edward ROGERS *v.* STATE of Arkansas

CR 78-81                                      570 S.W. 2d 268

Opinion delivered September 18, 1978
(Division I)

*Ray & Donovan,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. We are to decide the following issues presented by appellant's appeal from his jury trial resulting in a verdict of guilty of the charge of attempted rape, and a sentence to the Department of Correction for twenty years:

> 1. Does the question of a defendant's competency to stand trial present a question of law to be determined by the trial court, or is the question essentially one of fact necessitating its resolution by the jury?

> 2. Whether appellant was deprived of his constitutional right to counsel where appellant was required to be viewed by an alleged eye-witness prior to appellant having been advised of his right to counsel?

The essential facts for a determination of the issues tendered are:

Appellant was charged by information with the crime of attempted rape of a female patient at Forrest Memorial Hospital, Forrest City, Arkansas.

The patient had undergone surgery on March 16, 1977, in connection with a broken arm. While in her room, between 11:20 and 11:30 p.m., the patient was awakened by the purported attempt on the part of appellant to rape her and, as a consequence of the patient's scream, appellant jumped from her bed, exited the room and ran down a hallway and left the building.

A charge nurse on duty heard the scream, and as she exited an adjacent room, she saw a black male running from the patient's room, but could not identify him.

An emergency medical technician, Lonnie Williams, on duty also heard the scream and observed the individual running down the hall and commenced pursuit of the individual who exited the entrance to the hospital. The technician could not identify the individual, but could describe a jacket that the individual was wearing.

The Forrest City Police Department was immediately informed of the incident and a patrol car began patrolling the hospital area in search of the black male.

Several hours later, Officer Buddy Kennedy observed appellant driving his vehicle on the streets of Forrest City in an erratic manner and placed appellant under arrest for reckless driving. Appellant was carried to the hospital to be viewed by the medical technician who identified the jacket that appellant was wearing as the same jacket worn by the individual whom he had observed earlier fleeing from the hospital. However, appellant was not advised of his right to counsel until sometime after he had been viewed by Lonnie Williams. Appellant was placed in jail and subsequently charged with the offense of attempted rape.

On May 25, 1977, appellant was committed to the State Hospital for nervous disease for a mental examination and evaluation. On June 23, 1977, a medical report was rendered finding appellant without psychosis. The report concluded:

> "It is the opinion of the examining psychiatrist and the joint opinion of the psychiatric staff that Terry Rogers is not mentally ill to the degree of legal irresponsibility at the time of this examination and probably was not at the time of the commission of the alleged offense.

> "It is further the opinion of the examining psychiatrist and the joint opinion of the psychiatric staff that Terry Rogers has the mental capacity to understand the proceedings against him and has the mental capacity to assist effectively in his own defense; and, that he was probably not suffering from mental disease or defect of such degree as to make him unable to appreciate the

criminality of his conduct or to conform his conduct to the requirements of the law."[1]

## APPELLANT'S CONTENTIONS FOR REVERSAL

1. The trial court erred in not permitting the jury to determine whether appellant was competent to stand trial.

2. That appellant was denied due process of law when appellant was required to appear before an eyewitness for identification without first having been advised of his right to counsel.

## THE DECISION

### I.

Appellant argues that the trial court committed reversible error in refusing to permit the jury to determine whether appellant was mentally competent to assist in his own defense and to fully understand the nature of the proceedings against him.[2]

In support of this posture, appellant cites the following language from *Forby* v. *Fulk*, 214 Ark. 175, 214 S.W. 2d 920 (1948):

> "*Insanity at the time of trial, or when the crime was committed, may always be interposed as a defense at the time the defendant is being tried for the offense alleged.* To deprive the defendant of this defense would be contrary to our constitutional provision (Art. VII, § 23) which makes juries triers of facts. (Emphasis added)

---

[1]Dr. John Althoff, Chief Psychiatrist at the State Hospital and one of the members of the psychiatric staff that examined appellant, disagreed with the majority's report finding appellant without psychosis.

[2]In this regard, appellant's attorney was not permitted to ask Dr. Althoff, in the presence of the jury, his opinion regarding appellant's mental capacity to assist in his defense as a result of mental disease. In addition, the trial court refused to instruct the jury that they could find from a preponderance of the evidence that appellant, as a consequence of mental disease, is incapable of assisting in his defense and understanding the proceedings against him.

We are persuaded that appellant's reliance on *Forby* v. *Fulk,* supra, in support of his argument is misplaced for *Forby* does not come to grips with the questions: At what stage of the trial is the issue of competency to stand trial to be submitted, and in what manner is the question to be presented? Thus, *Forby* is not dispositive of the issue.

Furthermore, we have recognized that there is a difference between a defendant's competency to stand trial and his insanity at the time of the commission of the alleged offense. *See: Turner* v. *State,* 224 Ark. 505, 275 S.W. 2d 24 (1955) (concurring opinion of former Associate Justice Ed. F. McFaddin). It is clear that the question of a defendant's competency to stand trial is essentially a jurisdictional matter and is central to the trial court's authority to require a defendant to proceed to trial and is separate and apart from any adjudication of criminal responsibility. Consequently, this presents a question of law to be resolved by the trial court as distinguished from an issue of fact to be resolved by the jury.

Moreover, Ark. Stat. Ann. § 41-606 (Repl. 1977) provides, in relevant part, as follows:

"If the defendant's fitness to proceed becomes an issue, it shall be determined by the court. If neither party contests the finding of the report filed pursuant to section 605 [§ 41-605], the court may make the determination on the basis of the report. If the finding is contested, the court shall hold a hearing on the issue."

We conclude that the action of the trial court in resolving the question as to appellant's fitness to stand trial was proper and that Ark. Stat. Ann. § 41-606 (Repl. 1977) in making the issue a question of law does not in any way violate Art. VII, § 23 of the Arkansas Constitution which requires issues of law to be determined by the court and matters of fact to be resolved by the jury.

A finding by a trial court that a defendant is mentally competent to stand trial and is able to rationally assist his counsel does not preclude or prejudice the accused in asserting a plea of insanity as a defense to the crime charged.

## II.

Appellant further contends that he was deprived of Sixth Amendment rights, as secured to him against State action under the Fourteenth Amendment to the United States Constitution, when appellant was required to appear before an alleged eyewitness for identification before he was advised of his right to counsel.

The record before us reflects that when Officer Kennedy arrested appellant for reckless driving, Officer Kennedy immediately carried appellant to the Forrest Memorial Hospital to determine if Lonnie Williams could identify him. Appellant had not been charged with the offense involved and, moreover, was taken into custody for a traffic violation. Lonnie Williams could not identify appellant, but did recognize the jacket that appellant was wearing as the one worn by the individual he had chased from the hospital.

We are persuaded that appellant's claim of error is without merit. The facts in this case are to be distinguished from those facts in *United States* v. *Wade,* 388 U.S. 218 (1967), a leading case dealing with the compelled confrontation of an accused before the victim or witnesses to a crime for identification purposes, cited in our case *Steel* v. *State,* 246 Ark. 75, 436 S.W. 2d 800, which is relied upon by appellant.

In *United States* v. *Wade,* supra, the accused was exhibited to witnesses before trial at a post-indictment lineup for identification purposes without notice to and in the absence of the accused's court appointed counsel. Here, appellant agreed voluntarily to return to the hospital and be viewed by Lonnie Williams before appellant had been charged or even incarcerated. At this posture of the matter, it can be readily said that the viewing of appellant by Lonnie Williams was not a critical stage of the prosecution at which appellant was "as much entitled to such aid [of counsel] . . . as at the trial itself." *Powell* v. *Alabama,* 287 U.S. 45.

In addition, the record clearly shows that Lonnie Williams stated that he could not identify appellant, but only recognized the jacket. Moreover, appellant testified that he went to the victim's room at the hospital and was wearing the

jacket; the charge nurse also testified that the jacket introduced into evidence was similar to the one she had seen worn by the individual who ran from the hospital.

Furthermore, the record before us does not reflect that appellant voiced an objection to any of the testimony offered with reference to the identification of the jacket, nor was any objection registered to the introduction of the jacket into evidence. It is well settled that this Court will not consider an issue raised for the first time on appeal. *Williams* v. *State*, 257 Ark. 8, 513 S.W. 2d 793 (1974).

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.