Johnny STOVER, By His Mother and
Next Friend, Henrietta HOLBERT *v.*
Pat HAMILTON, Acting Commissioner
of Mental Health Services

80-97                                    604 S.W. 2d 934

Supreme Court of Arkansas
Opinion delivered September 22, 1980
Rehearing denied October 20, 1980

*Central Arkansas Legal Services, Inc.*, by: *Griffin J. Stockley* and *James R. Cromwell*, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *Robert R. Ross*, Deputy Atty. Gen., Little Rock, for appellee.

JOHN I. PURTLE, Justice. On February 22, 1980, Henrietta Holbert, as mother and next friend of Johnny Stover, filed a petition for a writ of habeas corpus in the Chancery Court of Pulaski County, Arkansas. She alleged her son was illegally confined in the Arkansas State Hospital in Little Rock, Arkansas. The chancellor ruled petitioner was being legally held pursuant to an order of commitment by the Franklin County Circuit Court under Ark. Stat. Ann. § 41-612 (Repl. 1977).

On appeal, petitioner urges (1) that he could not be held

for more than one year under the statute used to commit him if he was mentally unfit to stand trial and (2) that the circuit court had no authority to acquit him by reasons of insanity as long as he remained incompetent to stand trial. We agree with the first argument but disagree on the second.

On December 21, 1977, petitioner was charged with first degree murder and was committed to the state hospital for examination on the same date. On January 17, 1978, the hospital filed a report stating petitioner was suffering from Korsakov's Psychosis, and he did not have the mental capacity to understand the proceedings against him or to effectively assist in his defense. Basing its decision upon the report of the hospital, the Franklin County Circuit Court committed petitioner to the state hospital until he was cured or was restored to reason. This order was entered on July 7, 1978.

On September 21, 1979, petitioner's attorney filed a motion for rehearing on sanity. The motion stated that appellant's condition at the time of the alleged offense had never been determined by the court. The motion sought a speedy disposition of the case, and a hearing was held on October 5, 1979. The Court determined (1) petitioner to be not guilty by reason of mental disease or defect and (2) petitioner presented a danger to himself and others. A written order to this effect was filed on December 12, 1979, and petitioner was committed to the custody of the director of the state hospital pursuant to Ark. Stat. Ann. § 41-612.

On February 22, 1980, a petition for habeas corpus was filed in the Pulaski County Chancery Court seeking the release of petitioner. The petition challenged the authority of the Franklin County Circuit Court to acquit him while he was still suffering from mental disease, and it was argued that the criminal statutes could not be used to confine him to the state hospital for a period in excess of one year.

The chancellor entered an order on March 19, 1980, which concluded that the Franklin County Circuit Court had jurisdiction of the person and subject matter and found the order of the circuit court to be proper pursuant to Ark. Stat. Ann. § 41-609 (Repl. 1977). The chancellor further held that

the constitutionality of the committing statute has not been challenged and there were no other reasons presented pursuant to Ark. Stat. Ann. § 34-1733 (Repl. 1962) which required release of petitioner.

There is no dispute that the Pulaski County Chancery Court had jurisdiction over the parties and the subject matter. The rule is well established that upon petition for habeas corpus the court only determines whether the commitment is regular on its face and whether the issuing court had jurisdiction. *Mitchell* v. *State*, 233 Ark. 578, 346 S.W. 2d 201 (1961).

We now consider whether the Pulaski Chancery Court properly considered the Franklin Circuit Court commitment of December 12, 1979. Appellant-petitioner argues the circuit court is void on its face and relies upon Ark. Stat. Ann. § 41-603 (Repl. 1977), which states:

> No person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against him or to assist effectively in his own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures.

It is appellant's contention that the acquittal by the Franklin County Circuit Court amounted to a trial. We agree that the statute prevented the court from having a trial for the appellant so long as his disability existed. We think it is important to concurrently consider Ark. Stat. Ann. § 41-609 (Repl. 1977), which states:

> On the basis of the report filed pursuant to § 605 (§ 41-605), the court may, after a hearing if a hearing is requested, enter judgment of acquittal on the ground of mental disease or defect if it is satisfied that, at the time of the conduct charged, the defendant lacked capacity, as a result of mental disease or defect, to conform his conduct to the requirements of law or to appreciate the criminality of his conduct.

The Commentary following this statute indicates that in

cases of extreme mental disease or defect, where the lack of responsibility on the part of the defendant is clear, a trial can be avoided and defendant can be hospitalized under the provisions of Ark. Stat. Ann. § 41-612.

We are also concerned with the provisions of Ark. Stat. Ann. § 41-612 which in substance holds that if a defendant is acquitted on the grounds of mental disease or defect and the court finds that he presents a risk of danger to himself or the person or property of others, the court shall order the defendant committed to the custody of the director of the state hospital to be placed in an appropriate institution. If a person is committed pursuant to the provisions of § 41-612, which does not define the duration of the commitment, his rights to application for release are governed by Ark. Stat. Ann. § 41-613 (Repl. 1977). Application for release or discharge may be presented no sooner than 90 days from the date of the commitment, and subsequent applications for discharge may be made after the expiration of one year from disposition of the previous application. Therefore, neither § 41-612 nor § 41-613 sets a limit upon the time a person may be held in the state hospital. Both of these statutes place the decisional process in the hands of the court instituting the commitment. To this point in the proceedings, the statutes have been followed.

The constitutionality of the commitment statute is not challenged; however, it it argued that it is unconstitutional as applied to this appellant. For this reason it was proper for the chancellor to consider the prior court order.

The motion to determine the sanity of appellant was presented on his behalf to the trial court. The motion seemed to request a determination of appellant's capacity to stand trial. The court, acting upon the motion with evidence of appellant's mental condition, found him not guilty by reason of lack of mental capacity at the time of the offense. The court acquitted him and ordered commitment pursuant to Ark. Stat. Ann. § 41-612.

Appellant argues vigorously that Ark. Stat. Ann. § 41-607 (2) (d) (Repl. 1977) requires the director of the state

hospital to institute civil commitment proceedings against a party who is unfit to proceed to trial if he presents a danger to himself or the person or property of others. He also argues that such commitment cannot exceed a period of one year. This statute concerns an accused who is being held on a pending charge but is "unfit to proceed." In the present case, the appellant is no longer being held in such a status. There are no criminal charges pending against the appellant nor can there ever be any criminal charges brought against him for this particular offense. Therefore, this statute would be inapplicable. His original commitment was in compliance with this statute, and there is a one year limitation after which the accused must be committed pursuant to Ark. Stat. Ann. § 59-408 (Repl. 1971) if it is found he is a danger to himself or the person or property of others.

It is true the petitioner-appellant is being deprived of his liberty, but this confinement is not a result of any crimnal proceeding. His detention is a result of his mental condition.

Since there asre no criminal proceedings pending against the appellant, it is only logical that he be held pursuant to civil commitment provided in Ark. Stat. An. § 59-408 (now Acts of 1979, No. 817) and as mandated by Ark. Stat. Ann. § 41-607 (2) (d) in case he is still being held for trail after one year but represents a danger to himself or the person or property of others. Certainly, it cannot be argued the accused is entitled to be absolutely released as long as he presents a danger to himself or the person or property of others.

We hold that when the court terminated all proceedings against the appellant by its order of acquittal he was no longer subject to the sanctions of any criminal statute. He has been effectively removed from the category of "unfit to proceed." His status is as if he had never been charged with the crime upon which those proceedings were instituted. Therefore, confinement, after acquittal, should have been ordered pursuant to Ark. Stat. Ann. § 59-408. The trial court simply employed the wrong statute to do what it had the right to do under another statute. We do not interpret *Baird* v. *State*, 266 Ark. 250, 583 S.W. 2d 60 (1979), to contradict our present holding. Baird argued that she should be committed,

and we directed the trial court to have her committed. However, we did not specify which statute would be used, and we presume she was committed, if at all, pursuant to civil commitment which is exactly what we are doing in the present case.

We do not find that Ark. Stat. Ann. § 41-603, which precludes trial, conviction, or sentencing of a person who lacks capacity to understand the proceedings or assist in his defense, conflicts with Ark. Stat. Ann. § 41-609 which specifically provides for a judgment of acquittal of such person. It is our understanding that *Drope* v. *Missouri*, 420 U.S. 162 (1975), held that a person such as appellant could not be tried. There was no trial in the present case; therefore, *Drope* is inapplicable.

The Commentary following Ark. Stat. Ann. § 41-607 indicates the holding in *Jackson* v. *Indiana*, 406 U.S. 715 (1972), is to the effect that a person may not be held in confinement for a period in excess of one year on an incompetency commitment in a criminal proceeding. The Commentary indicates the Commission felt the state should not incarcerate a person, who has never been tried for or convicted of a criminal offense, for a period in excess of one year. The Commission felt that confinement for longer periods should be by traditional civil commitment. We think this is sound logic. We must necessarily read into Ark. Stat. Ann. § 41-612 a limitation which prevents a person from being held indefinitely to the extent he is deprived of due process of law. The present law relating to involuntary civil commitment is Ark. Stat. Ann. § 59-1401 et seq.

Therefore, the case is remanded to the Pulaski Chancery Court with directions to order the director of the state hospital, or his representative, to make a determination whether the appellant presently presents a danger to himself or the person or property of others. If the director or his representative finds the petitioner presents such danger, he will immediately institute civil commitment proceedings. If it is found that the appellant does not present a danger to himself or the person or property of others, the director will

notify the trial court of his findings and will release the petitioner from custody.

Reversed and remanded.

FOGLEMAN, C.J., and HICKMAN and STROUD, JJ., concur in part, dissent in part.

JOHN A. FOGLEMAN, Chief Justice, concurring in part, dissenting in part. I agree partially with the result reached in the majority opinion, but I cannot agree with its means of reaching the result or its disposition of the case.

Appellant Stover, by his next friend, complains that the order of the Circuit Court of Franklin County committing him to the Arkansas State Hospital was beyond the jurisdiction of that court and is, therefore, invalid on its face. If this is true, habeas corpus was the proper remedy, and the court in which the application was made had jurisdiction to grant the relief against officers of the state in charge of a facility in Pulaski County in which Stover is held.

Habeas corpus, generally speaking, is a legal, not an equitable remedy. 39 CJS 461, Habeas Corpus, § 3. The jurisdiction of equity, however, may be utilized in connection with its general supervisory authority over the persons of individuals under legal disability to the extent it has not been transferred to probate courts. 30 CJS 884, Equity, § 51; 27 Am. Jur. 2d 592, Equity, § 69.[1] The writ was properly returned to the Chancery Court of Pulaski County, the county in which Stover was held in custody. State Dept. of Public Welfare v. Lipe, 257 Ark. 1015, 521 S.W. 2d 526.

The response of the appellee to the writ was that Stover was lawfully committed pursuant to Ark. Stat. Ann. § 41-612 (Repl. 1977) on December 12, 1979. It was asserted that, by this order, Stover was acquitted of the charge of murder, which had been pending when Stover was committed to the state hopital for observation on December 21, 1977, and for diagnosis, treatment and custody on July 7, 1978. The Commissioner of Mental Health Services contends that Stover's

---

[1] It does not appear that probate courts have habeas corpus jurisdiction.

only remedy is by petition under Ark. Stat. Ann. § 41-613 (Repl. 1977). The chancery court held that the order of acquittal was proper, that the constitutionality of Ark. Stat. Ann. § 41-609 (Repl. 1977) had not been raised and that no reason for an order of release of Stover under Ark. Stat. Ann. § 34-1733 (Repl. 1962) had been shown to exist. The chancery court was in error. Even if the process committing Stover was in proper form, there was reason for the court to grant relief to him, if the process was issued under circumstances not authorized by law. *Rowland* v. *Rogers*, 199 Ark. 1041, 137 S.W. 2d 246.

Appellant contends that the trial court had no power under § 41-609 (Repl. 1977) to acquit him. It seems that there had been full compliance with the requirements of Ark. Stat. Ann. §§ 41-605 and 41-606 (Repl. 1977). The reports required by Ark. Stat. Ann. § 41-607 (Repl. 1977) were filed and the circuit court found that Stover was unfit to proceed, but did not release him, as it might have done had it found that he did not present a danger to himself or others. Ark. Stat. Ann. § 41-607 (2) (c) (Repl. 1977).

The problem presented here arose when the circuit court entered a judgment of acquittal under § 41-609 on the ground of Stover's mental disease or defect, having been satisfied that, at the time of the conduct on which the charge against him was based, he lacked capacity to conform his conduct to the requirements of law or to appreciate the criminality of his conduct. Thereafter, the court committed Stover pursuant to Ark. Stat. Ann. § 41-612 (1) (a). There is nothing in § 41-609 that indicates that it is properly applicable to one, such as Stover, who lacks fitness to proceed. The circuit court's jurisdiction as to one who lacks fitness to proceed is set out in Ark. Stat. Ann. § 41-607 (Repl. 1977).

At the time of the order of which appellant now complains, the court had before it a report filed under § 41-607 (2) (a). The report indicated that Stover was not fit to proceed. The court had jurisdiction, upon finding that Stover was unfit to proceed, to either release Stover upon conditions prescribed in its order or order the Director of the State Hospital to proceed under Ark. Stat. Ann. § 59-408 (Repl.

1971). The criminal proceeding could only be resumed under conditions set out in § 41-607 (3). No judgment, even of acquittal, could be entered without a presumption of the criminal proceedings.

I agree with appellant that the order of the Circuit Court of Franklin County acquitting him is void because it was beyond the jursidiction of that court. The jurisdiction of circuit courts over mentally incompetent persons is very limited. The Constitution of Arkansas vests jurisdiction of persons of unsound mind in the probate court by Art. 7 § 34 and Amendment 24. Consequently, the exercise of jurisdiction over a mentally incompetent person must be incident to the exercise of criminal jurisdiction. *Baker* v. *Young*, 121 Ark. 537, 182 S.W. 279. In that case, the court had before it another statute, which, on its face, required the superitendent of the state insane asylum to admit, upon the certificate of the judge of the court before whom the charge was pending, any person acquitted of a criminal charge upon a plea of insanity and to hold such person until he was restored to reason. This court held, because of the limited jurisdiction of the circuit court, that the circuit judge's certificate was only a means for admission of the acquitted person to the asylum and not an adjudication of insanity, and was merely prima facie evidence upon which the accused could be held until there was an adjudication by the probate court, the court having exclusive jurisdiction, which may be invoked at any time. It was said that the statute then questioned was a valid enactment when viewed in that light. We must also view the current statute in the same light; otherwise, it is unconstitutional. *Baker*, like this case, was a review of the denial of habeas corpus by the Chancery Court of Pulaski County. This court said that the petitioner's proper remedy was to apply to the probate court for an adjudication of the question of his sanity.

The circuit court's order in this case is not and cannot be authority for Stover to be held by the appellee, if there are no criminal proceedings pending against him. If the acquittal is valid, he can be held by the state hospital only for such period of time as may be required to an adjudication by the probate court. If the acquittal is invalid, then the circuit court could only have directed appellee to apply to the probate court for

commitment under Ark. Stat. Ann. § 59-408 (Repl. 1971). See § 41-607 (2) (d).

The majority has not bothered to explain the difference between this case and *Baker*, probably because there is none. If there is, it should be demonstrated. *Baker* cannot properly be ignored. It is certainly sound under our constitution. Even if recognized, a proper result could be reached under its holding, if the acquittal had been valid. The majority says that Stover is not deprived of his liberty as the result of a criminal proceeding. How else could the circuit court have possibly committed him?

It has been suggested that appellant through his next friend, is in no position to complain of his acquittal, however adverse to him the ultimate consequences may be, because his attorney moved that the order be made. A basic premise of unfitness to proceed is the defendant's capacity to understand the proceedings against him and to assist effectively in his own defense. Ark. Stat. Ann. § 41-603 (Repl. 1977).

The test was most thoroughly stated in *Dusby* v. *United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960). According to that case, the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." We applied that test in *Deason* v. *State*, 263 Ark. 56, 562 S.W. 2d 79, cert. den. 439 U.S. 839, 99 S. Ct. 126, 58 L. Ed. 2d 136. The question is essentially a jurisdictional one. *Rogers* v. *State*, 264 Ark. 258, 570 S.W. 2d 268.

Appellant is not barred from questioning the court's action in "acquitting" him, if that action is detrimental to him, unless it can be said that he has either waived the right through his attorney's action or he is estopped by it. But neither waiver nor estoppel should be applied if Stover did not have a rational and factual understanding of the proceedings or the ability to consult with his attorney in a meaningful manner.

I cannot agree with the majority's disposition of this case. It is not the province of appellee to make any determination whether Stover is a danger to himself or society. That finding can only be made by the Circuit Court of Franklin County, in the first instance, and it has been made. That finding only authorizes the holding of Stover until the probate court makes a determination. In my opinion, appellee should apply within 30 days to the circuit court for authorization to proceed under § 59-408 and hold Stover until such proceedings can be concluded, or Stover should be released by a court having jurisdiction.

JOHN F. STROUD, Justice, concurring in part, dissenting in part. I agree with that portion of the majority opinion that held the circuit court did have authority to acquit appellant even though he was at that time incompetent to stand trial. Ark. Stat. Ann. § 41-609 (Repl. 1977) authorizes the acquittal of an accused without a trial if the court feels the psychiatric report sufficiently indicates the accused lacked the capacity at the time of the alleged offense to conform his conduct to the requirements of law or to appreciate the criminality of his conduct. I find no conflict between this provision and Ark. Stat. Ann. § 41-603 (Repl. 1977) which prohibits a trial, conviction, or sentence so long as an accused lacks the capacity to understand the proceedings against him or to assist effectively in his own defense. The two statutes are part of the same act and were adopted simultaneously. In such instances, we always try to give effect to both statutes rather than to declare one void. Furthermore, an acquittal without a trial is simply not a trial, conviction or sentence.

The majority opinion acknowledges that after acquittal, appellant was properly committed by the Franklin County Circuit Court to the Arkansas State Hospital pursuant to Ark. Stat. Ann. § 41-612 (Repl. 1977) and that his release is governed by Ark. Stat. Ann. § 41-613 (Repl. 1977). I depart from the majority when they depart from the provisions of § 41-613 by "reading into it" a requirement that due process requires a civil commitment pursuant to Ark. Stat. Ann. § 59-1401, et seq (Repl. 1971). The trial court found that the constitutionality of the committing statute had not been challenged. It is my belief that in the absence of declaring it

unconstitutional, the provisions of § 41-613 should be followed. Rather than remanding to the chancery court with directions involving a possible civil commitment, I would affirm the action of the chancellor denying the writ of habeas corpus. Such affirmance should, however, be without prejudice to appellant or his mother as his next friend to petition the Franklin County Circuit Court pursuant to § 41-613 to determine if he still presents a danger to himself or to the person or property of others. If he still does present such danger, he should remain in the Arkansas State Hospital. Sufficient "due process" is afforded appellant by § 41-613(2) which authorizes unlimited petitions to the committing court so long as such petitions are filed no sooner than one year following the disposition of the previous application.

HICKMAN, J., joins in this opinion.