Jennifer Lynn MANNIX *v.* STATE of Arkansas

CR 81-66                    621 S.W. 2d 222

Supreme Court of Arkansas
Opinion delivered September 21, 1981

*William R. Simpson, Jr.,* Public Defnder, by: *Sandra T. Berry* and *Deborah Ann Sallings*, Deputy Public Defenders, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. On September 14, 1979, appellant Jennifer Lynn Mannix was charged with murder. She was committed to the Arkansas State Hospital for a mental examination. The examining psychiatrist found that she was unable to appreciate the criminality of her acts or to conform her behavior to the requirement of the law. On December 7, 1979, the trial court dismissed the criminal charge because of her mental disease and committed her to the hospital pursuant to our criminal commitment statute, Ark. Stat. Ann. § 41-612 (Repl. 1977). On January 11, 1980, the psychiatrist assigned to this case reported that appellant's psychotic condition was in remission and she could be expected to remain that way as long as she continued to take the prescribed anti-psychotic medication and as long as she received adequate medical-psychiatric supervision.

On January 14, 1981, appellant filed a petition asking that the circuit court criminal commitment be terminated, and that any continued commitment be by way of civil commitment by the probate court as provided in Ark. Stat. Ann. Title 59, Chapter 14 (Supp. 1979). Even though the criminal charge had been dismissed for over two years, the circuit court denied the petition and ordered that appellant remain committed.

Both parties recognize that the following paragraph from *Stover* v. *Hamilton*, 270 Ark. 310, 604 S.W. 2d 934 (1980) is squarely on point.

The Commentary following Ark. Stat. Ann. § 41-607 indicates the holding in *Jackson* v. *Indiana*, 406 U.S. 715, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972), is to the effect that a person may not be held in confinement for a period in excess of one year on an incompetency commitment in a criminal proceeding. The Commentary indicates the Commission felt the state should

not incarcerate a person, who has never been tried for or convicted of a criminal offense, for a period in excess of one year. The Commission felt that confinement for longer periods should be by traditional civil commitment. We think this is sound logic. We must necessarily read imto Ark. Stat. Ann. § 41-612 a limitation which prevents a person from being held indefinitely to the extent he is deprived of due process of law. The present law relating to involuntary civil commitment is Ark. Stat. Ann. § 59-1401 et seq.

The Attorney General asks us to overrule *Stover*. We decline.

We have the power to overrule a previously rendered opinion. *Gregg* v. *Road Improvement District No. 2*, 169 Ark. 671, 277 S.W. 515 (1925). However, the rights and interests of individuals, the uniformity of law and the proper administration of justice require settled law. We will uphold our prior decisions unless an injustice would result. *Rhea* v. *State*, 104 Ark. 162, 147 S.W. 463 (1912). No injustice has been pleaded or proved as a result of the *Stover* decision and we decline to overrule it.

Reversed.

HICKMAN, J., dissents, having addressed his views in *Stover* v. *Hamilton*, 270 Ark. 310, 604 S.W. 2d 934 (1980).

ADKISSON, C.J., not participating.