Chester **BRUNSON** *v.* **STATE** of Arkansas

CA CR 82-164                                         653 S.W.2d 157

Court of Appeals of Arkansas
Opinion delivered July 6, 1983

*John A. Buckley, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant Chester Brunson was convicted in a jury trial of two counts of passing forged Internal Revenue Service refund checks. On appeal, he alleges three points for reversal. We find no error and we affirm.

The evidence at trial showed that on May 2, 1979, and on April 18, 1980, appellant had in his possession IRS refund checks issued in the name of his brother, Charles Brunson, who was then incarcerated in the Arkansas Department of Correction. Appellant endorsed the checks with

both his name and his brother's name and cashed them. Charles Brunson filed a claim with the IRS for non-receipt of the checks and replacement checks were issued and cashed. A federal agent testified that, in the course of his investigation of these claims, the appellant said his brother had given him permission to sign and cash the checks. At trial, however, the brother denied having given such permission.

Appellant's first point for reversal is that the trial court erred in overruling his motion for mistrial based on a remark made in opening statement when the prosecutor said: "I believe Chester Brunson is going to get up here and tell you that he did in fact sign those checks."

At appellant's request, the parties approached the bench and appellant made a motion for mistrial based on the prosecutor's suggestion that appellant would testify in the case. Immediately after the prosecutor's comment, the trial court admonished the jury and informed them that appellant did not have to testify in his defense and the fact that he did not testify could not be held against him. After discussion and after the state had rested its case, the court denied the motion for mistrial, stating that the comment was harmless and non-prejudicial under *Weaver* v. *State*, 271 Ark. 853, 612 S.W.2d 324 (Ark. App. 1981).

In *Weaver* it was pointed out that comment on the failure of a defendant to testify in a criminal case is a violation of the self-incrimination clause of the Fifth Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment. However, the court in *Weaver* noted that this is not always reversible error. If the state can show that the comment did not contribute to the verdict, the error will be held to be harmless.

In this case, the trial court based its ruling in part on the fact that appellant's counsel had raised the issue during voir dire, when the following question was asked: Has any member of the jury panel ever given another person authority to sign your name to a check? It seems apparent

that the only possible inference to be drawn from this question is that appellant intended to testify in his defense that he had been given permission to sign the checks.

We think this case is similar to *Petty* v. *State*, 245 Ark. 808, 434 S.W.2d 602 (1968), wherein the prosecutor made reference in his opening statement to Petty's prior convictions. In that case the denial of the motion for mistrial was upheld on the grounds that Petty's counsel had informed the jury of his client's prior convictions during voir dire of the panel.

When we view the nature and extent of the remark in this case and consider the ample evidence of guilt before the jury, we conclude that there is no reasonable possibility that the prosecutor's opening statement remark contributed to the jury's verdict.

Appellant's second point of error concerns the sentencing procedure followed by the trial court. The jury was unanimous in its determination of appellant's guilt on both counts, but was unable to agree on punishment. The trial judge, in accordance with Ark. Stat. Ann. § 41-802 (2) (c) (Repl. 1977), then discharged the jury and sentenced appellant. Appellant asserts that this sentencing procedure violated his constitutional right to a jury trial. We find no merit in that argument.

The issue of the court's imposing sentence has been settled in this state for many years. In *Froman and Sanders* v. *State*, 232 Ark. 697, 339 S.W.2d 601 (1960), it was held that such sentencing was not in conflict with our constitutional provisions regarding jury trials. Appellant argues, however, that *Froman* should be overruled. Prior decisions should not be overruled unless it can be shown that an injustice will result. *Mannix* v. *State*, 273 Ark. 492, 621 S.W.2d 222 (1981). Appellant has failed to demonstrate that an injustice has resulted here.

Appellant appears to raise as error the fact that the trial judge did not give the jury an *Allen* instruction, AMCI 6004, before removing the sentencing issue from the jury. We note

simply that such an instruction was not requested at the time by appellant, and this court cannot consider the issue for the first time on appeal. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).

Finally, the appellant argues that the trial court erred in sustaining the state's objection to appellant's question concerning the motives of the state's chief witness, Charles Brunson. When appellant testified in his own behalf, he was asked by counsel: Do you have any explanation as to why your brother would do you this way [testify against you]? The state objected on the grounds that the question called for speculation, and the objection was sustained by the trial court. Appellant then rested his case.

We cannot say the trial court was in error in sustaining the objection. The proper procedure when testimony is excluded is a proffer of the evidence that would have been presented, unless this is apparent from the context in which the questions are asked. Uniform Evidence Rule 103 (a) (2). Here, no such proffer was made and we do not think the answer to the question asked was obvious. In his brief on appeal, appellant states that "insofar as this issue was concerned, the defense was he would have testified that his brother was repeating a pattern of bad behavior in recanting his consent," but this proffer comes too late for appellate review. *Parker* v. *State,* 268 Ark. 441, 597 S.W.2d 586 (1980).

Affirmed.