James Lee OWENS *v.* H.A. TAYLOR, Judge

88-322                                    772 S.W.2d 596

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*Griffin J. Stockley,* Central Arkansas Legal Services, for petitioner.

*Steve Clark,* Att'y Gen., by: *Jeannette Denhammcclendon,* Asst. Att'y Gen., for respondent.

STEELE HAYS, Justice. James Owens seeks a writ of prohibition against the Honorable H.A. Taylor, Circuit Judge of Jefferson County, Arkansas, asserting that the circuit court has no subject matter jurisdiction to impose conditions on Owens's release from the Arkansas State Hospital. We ordered a temporary stay in the proceedings below so that briefs could be submitted. Having considered the arguments, we grant the writ.

Owens was charged on March 23, 1987, with second degree battery. While resisting arrest he drew a straight razor from his shoe and in the struggle with the officers Owens sustained several cuts, none severe.

On the day after his arrest, Owens was sent to the state hospital for evaluation and on April 20, 1987, the circuit court

found, based on a report from the hospital, that Owens lacked the capacity to stand trial. He was then committed for treatment.

The record is entirely silent as to the events of the next thirteen months, but on May 25, 1988, Dr. Wanda Stephens, Staff Psychiatrist, wrote the circuit judge expressing the position of the hospital, i.e., that unless an order of civil commitment were entered by a probate court, circuit court jurisdiction over James Owens ended after one year.

Next, Dr. Stephens wrote in September to the Mental Health Magistrate, Ms. Elizabeth McCord, to state that Owens was fit to proceed and, with further treatment, should be able to cooperate with his attorney by January of 1989.

On November 9, 1988, the circuit court, citing a November 1, 1988, report from another staff psychiatrist, Dr. James McDaniel, stating that Owens lacked the capacity to conform his conduct to the requirements of the law at the time of the alleged offense, declared that Owens should be acquitted by reason of insanity pursuant to the provisions of Ark. Code Ann. § 5-2-315 (1987).[1]

On December 1, 1988, Dr. Stephens again wrote the circuit judge to advise that Owens was no longer regarded as a threat to himself or to others and would be released in approximately ten days. On that same day, the administrator of Rogers Hall at the hospital wrote to the circuit judge to request conditional release of Owens and on December 7 the prosecuting attorney petitioned for Owens's conditional release. A hearing was scheduled on that petition for January and at that point this court ordered a temporary stay in those proceedings.

■ The state maintains that because Owens was released unconditionally by the state hospital on January 11, 1989, any justiciable issue is rendered moot. *General Publishing Co., Inc.* v. *Erxleben*, 283 Ark. 136, 671 S.W.2d 182 (1984). Ordinarily, mootness resolves the controversy and renders a decision unnecessary. But that choice is ours to make and where considerations of public interest or prevention of future litigation are present, we

---

[1] Dr. McDaniel's report is not included in the record.

may elect to settle an issue, even though moot. *Cummings* v. *Washington County Election Commission*, 291 Ark. 354, 724 S.W.2d 486 (1987); *Robinson* v. *Arkansas Game & Fish Commission*, 263 Ark. 462, 565 S.W.2d 433 (1978). We find that course preferable in this instance based in part on Owens's argument that if we dismiss the petition as moot, Owens will be taken into custody and the proceedings still pending in Jefferson Circuit will be resumed.

The issue presented to us is whether the Jefferson Circuit Court had jurisdiction in January, 1989, to impose conditions on Owens's release from the state hospital some nineteen months after he was found incompetent to stand trial and committed to the state hospital for treatment and some two months after the circuit court found him not guilty of second degree battery by reason of insanity. The answer clearly is no. See *Schock* v. *Thomas*, 274 Ark. 493, 625 S.W.2d 521 (1981); *Stoner* v. *Hamilton*, 270 Ark. 310, 604 S.W.2d 934 (1980); *Barber* v. *Young*, 121 Ark. 537, 182 S.W. 279 (1915).

We do not decide whether circuit court jurisdiction ends at some specific point, simply by lapse of time; it is enough to note that Owens is no longer in custody, that he was acquitted by order of the circuit court dated November 9, 1988, and nineteen months had elapsed from his original commitment. That being so, it is plain the circuit court had no jurisdiction in January, 1989, to impose conditions on Owens's release.

Writ of prohibition granted.