STATE, EX REL. ATTORNEY GENERAL, *v.* AUTEN, JUDGE.

4-8260 · 202 S. W. 2d 763

Opinion delivered May 19, 1947.

Rehearing denied June 30, 1947.

*Guy E. Williams,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for petitioner.

*Franklin Wilder* and *Grant & Rose,* for respondent.

ROBINS, J.   The Attorney General of Arkansas, in his petition herein, prays for a writ of prohibition to the Pulaski Circuit Court, Second Division, and to Honorable Lawrence C. Auten, as judge thereof, to restrain any further action by the said court on a petition for writ of *habeas corpus* filed therein by Jack McAllister.   On April 14, 1947, we issued a temporary writ, staying further proceedings in said matter until we could hear and determine the Attorney General's petition.

The Attorney General, whose demurrer to McAllister's petition had been overruled by the lower court, asserts that said court has no jurisdiction in said matter; and, to exemplify his contention, he attaches to his petition copies of the pleadings and orders in the lower court. From these it appears that informations were filed against Jack McAllister in the circuit court of Sebastian county, charging him with the offenses of assault with intent to kill and burglary. On trial before a jury McAllister was convicted of both offenses and judgment was entered imposing upon him in each case a sentence of two years imprisonment in the penitentiary, the sentences running concurrently. His motion for new trial being overruled, he prayed and was granted an appeal to the Supreme Court, and was given fifty-eight days within which to file bill of exceptions.

McAllister's appeal was lodged in this court in apt time, but the transcript did not contain the bill of exceptions, because, as McAllister asserts, the attorneys who represented him at the trial and employed also to prosecute the appeal failed to have the bill of exceptions prepared and filed within the proper time. Subsequently, and before the case was reached for hearing in this court, another attorney had a bill of exceptions prepared (but not filed within the proper time) and brought up to this court by writ of certiorari. When the appeal was submitted to us, we sustained the Attorney General's motion to strike the bill of exceptions; and, finding no error reflected by the remainder of the record, we affirmed the judgment of the lower court. See *McAllister* v. *State, ante,* p. 140, 199 S. W. 2d 751.

In his petition for writ of *habeas corpus* McAllister, after reciting the circumstances of his conviction in the circuit court and the affirmance thereof by this court, and the dereliction of his attorneys in failing to have a bill of exceptions filed in time and incorporated in the appeal record, further set forth that, if his attorneys had filed bill of exceptions in time to become a part of the record, "the Supreme Court would have reviewed said case and

considered the evidence and facts proven in the case, and would have reversed the convictions and released the petitioner, or ordered a new trial for errors committed at the trial. The petitioner is not guilty of either of the charges aforesaid, and his convictions have been illegally and unconstitutionally affirmed.''

The petition concludes with the averment that the judgment of the circuit court and of the Supreme Court, as well as the mandate and commitment (on which he was being held at the time he instituted *habeas corpus* proceedings) issued by this court upon affirmance of the judgment of the lower court, are void because these proceedings against him violate Art. II, § 8 of the Constitution of Arkansas, and the Fifth and Fourteenth Amendments to the federal Constitution. The prayer of the petition was for the issuance of a writ of *habeas corpus* and for discharge from custody.

McAllister did not allege in the petition filed by him in the lower court that the court in which he was convicted did not have jurisdiction; nor did he in said petition challenge the regularity of the commitment. The sole ground on which he asked the Pulaski circuit court to award him relief by way of *habeas corpus* proceedings was that he has been denied ''due process'' in that through fault of his lawyers he was prevented from presenting a complete record to the Supreme Court.

In the case of *State* v. *Martineau*, 149 Ark. 237, 232 S. W. 609, application was made to this court by the State for writ of prohibition to prevent the chancellor of the Pulaski chancery court from proceeding with hearing on a writ of *habeas corpus* issued to review the legality of the death sentences imposed on Hicks and five others. Their convictions had been affirmed, but various grounds (not appearing on the face of the record) were urged as establishing the illegality of the judgment. This court granted the writ of prohibition, the applicable rule in the case being thus stated (headnote 6) : ''If a petitioner for *habeas corpus* is in custody under process regular on its

face, nothing will be inquired into save the jurisdiction of the court whence the process came.''

This rule was reiterated by us in the case of *Abbott v. State,* 178 Ark. 77, 10 S. W. 2d 30. See, also, *Ex Parte Byles,* 93 Ark. 612, 126 S. W. 94, 37 L. R. A., N. S. 774; *Ex Parte Williams,* 99 Ark. 475, 138 S. W. 985.

Chief Justice McCulloch, in his opinion in the Martineau case, *supra,* was careful to point out that the provisions of the federal statute (Act of February 5, 1867, Rev. St., § 753 *et seq.,* 28 U. S. C. A., § 453 *et seq.*) by which federal courts were authorized in *habeas corpus* proceedings to go behind the face of the documents authorizing commitment of the petitioner do not extend to such cases in state courts.

The pronouncement of this court in the Martineau case, *supra,* repeated in the Abbott case, *supra,* has not been modified or overruled, and it is controlling here. Since no question as to the jurisdiction of the Sebastian circuit court to try petitioner on the charges of which he was therein convicted or as to the regularity of the commitment on which he was being held, the petition stated no ground on which the lower court could assume jurisdiction or award petitioner any relief in *habeas corpus* proceedings.

The views expressed above make it unnecessary for us to consider whether in any event negligent failure of counsel, selected and employed by the accused, to complete a record for appeal could be properly made the basis of a claim that the accused had been denied ''due process,'' and whether one who surrenders voluntarily to an officer may by writ of *habeas corpus* challenge the legality of his detention.

The temporary writ of prohibition heretofore issued herein will be made permanent.