LOUIS M. GRIECO *vs.* HAROLD V. LANGLOIS, *Warden.*

MAY 24, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

CONDON, C. J. This is a petition for habeas corpus to determine the validity of the petitioner's commitment to the adult correctional institutions. He was committed on May 10, 1961 by the superior court to serve a sentence of eight years for breaking and entering in the nighttime which it had imposed on March 9, 1956.

At that time he was serving a sentence which was to expire on September 23, 1959. The sentence here in question was therefore ordered to run consecutively. However, on the expiration of his prior sentence he was admitted to bail on September 24 pending the determination by this court of his appeal from the conviction of the offense for which he was sentenced on March 9, 1956. In May 1960 while he was enlarged on bail he was extradited to New York as a fugitive from that state where he was later tried and acquitted of the offense for which he was extradited. Thereafter he *voluntarily* returned to this state. On April 26, 1961 his appeal to this court failed, *State* v. *Grieco*, 92, R. I. 459, 169 A.2d 747, and he was thereupon brought before the superior court for commitment to serve his sentence.

The petitioner contends that his extradition while he was under sentence constituted a waiver by this state of all further jurisdiction over him for the offense for which he was sentenced. In support of such contention he has cited numerous cases involving the right of a state which has surrendered a fugitive to obtain his return from the demanding state after the process of extradition had served its purpose there. In our opinion none of those cases is in point on the

factual situation here and therefore we shall not discuss them.

In the case at bar it is important to note that this state was not confronted with the necessity of demanding the return of petitioner by the state of New York. The petitioner relieved the state of such necessity by returning here of his own free will. In the circumstances he became amenable to the process of the courts of this state without regard to the extradition clause of §2 of art. IV of the federal constitution. Hence the only question for determination is whether under the constitution and laws of this state petitioner's extradition constituted a waiver of the state's right to exact the penalty for the crime of which he had been convicted.

The answer to such question depends primarily on whether petitioner had commenced to serve his sentence at the time he was enlarged on bail. If so, his extradition during that period was an interruption of such sentence and would raise a serious question of waiver or implied pardon as some courts have held. We are of the opinion that the factual circumstances here do not pose such question for our consideration. On the record before us it is clear that petitioner had not commenced to serve his sentence on September 24, 1959. On that date, at his own request, he was enlarged on bail which acted as a supersedeas or stay of sentence. His prior sentence having expired with the expiration of September 23, 1959 he was entitled to his freedom on the following day and if he had not obtained it by furnishing bail his consecutive sentence would have commenced to run automatically.

In these circumstances there is no merit in the petitioner's contention that the state has lost jurisdiction to punish him for the offense of which he has been duly tried, convicted and sentenced. The criminal court of appeals of Oklahoma observed in a somewhat similar case, *Ex parte*

*Youstler,* 40 Okla. Crim. 273, that extradition in the circumstances was not a pardon nor a satisfaction of the judgment of conviction and that by freely returning to Oklahoma the petitioner could claim such satisfaction only by serving the sentence imposed. And so here we hold that the superior court lawfully ordered the petitioner committed on May 10, 1961 and that the respondent is rightfully detaining him under such order.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is ordered remanded to the respondent's custody pursuant to the superior court's order of commitment.

ON MOTION FOR CLARIFICATION.

JUNE 26, 1962.

PER CURIAM. After our opinion in the above-entitled cause was filed, *Grieco* v. *Langlois,* 94, R. I. 415, 181 A. 2d 230, the petitioner mailed to the Chief Justice a so-called motion for clarification. While there is no precedent in the practice of this court for the filing of such a motion we have considered the contention therein and see no reason for changing our opinion that the petitioner's eight-year sentence was due to commence on September 24, 1959 but did not because of his enlargement on bail on that date.

Motion denied.

*Leo P. McGowan,* Public Defender; *Paul E. Kelley,* Assistant Public Defender, for petitioner.

*J. Joseph Nugent,* Attorney General; *Corinne P. Grande,* Special Counsel, for State, for respondent.