Lowell Wayne GEORGE *v.* STATE of Arkansas

CR 84-182                                          685 S.W.2d 141

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*Larry D. Vaught,* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci Talbot,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This appeal is from a decision denying a writ of habeas corpus. It involves interpretation of statutes pertaining to the writ, thus our jurisdiction arises from Arkansas Supreme Court and Court of Appeals Rule 29 1. c.

In his habeas corpus petition to the circuit court, George alleged he was being held pursuant to an illegal sentence. In an "appendix" to his petition these facts were stated. While on probation after conviction for burglary in Texas, George received permission to visit his brother in Desha County, Arkansas. While in Arkansas he was convicted of second degree murder. He was given a fifteen-year sentence in 1981. While free on an appeal bond he was advised by the sheriff to go to the Desha County courthouse for a hearing on a violation of his Texas probation requirements. The Desha County circuit judge said he was releasing George and turning him over to the sheriff of Anderson County, Texas. He was then sentenced in Texas to five years confinement for his probation violation. He was subsequently paroled in Texas. He returned to Desha County to visit his brother and was arrested and committed to the Arkansas Department of Corrections based on the commitment order issued upon his Arkansas conviction which had since been affirmed.

The circuit judge denied the petition because it failed "to state a ground for relief under the Arkansas habeas corpus law." The order denying the petition was entered before the state responded, and no hearing was held.

In his appeal to this court, George raises questions whether the Desha County circuit court had lost its jurisdiction to commit him because of his having been released to Texas authorities.

### 1. Denial of Hearing

From the order he entered, it appears the circuit judge denied the petition because he found nothing in it alleging a basis for habeas corpus. The appellant contends he should nonetheless have been given a hearing. The appellant has cited no authority for this position, and we do not find his unsupported argument convincing. While our statutory habeas corpus scheme contemplates a hearing in the event a writ is issued, we find nothing requiring a hearing be given any petitioner regardless of the content of the petition. *See* Ark. Stat. Ann. §§ 34-1701, et seq. (Repl. 1962).

## 2. Illegal Sentence

The central question is whether the petition stated any facts showing that the sentence and the commitment became illegal, assuming the circuit court of Desha County had "released" the petitioner to Texas authorities. In terms of Ark. Stat. Ann. § 34-1703 (Repl. 1962), the question is whether there is a showing of probable cause that the petitioner is being detained unlawfully. One is held without lawful authority when it is shown the commitment is invalid on its face or the court lacked jurisdiction. *Stover* v. *Hamilton*, 270 Ark. 310, 604 S.W.2d 934 (1980); *Mitchell* v. *State*, 233 Ark. 578, 346 S.W.2d 201 (1961); *Rowland* v. *Rogers*, 199 Ark. 1041, 137 S.W.2d 246 (1940). The same fundamental question would be reached if we applied the second sub-part of Ark. Stat. Ann. § 34-1733 (Repl. 1962) which says a prisoner can be discharged "[w]here, though the original imprisonment was lawful, yet, by some act, omission or event which has taken place afterward, the party has become entitled to his discharge."

For his contention that the Desha County circuit court lost its jurisdiction and thus committed him illegally, the appellant cites *Shields* v. *Beto*, 370 F. 2d 1003 (5th Cir. 1967). There the petitioner was released on a furlough from a Texas prison, having served one year of a cumulative forty-year sentence. Instead of taking the furlough, the petitioner waived extradition and was sent to Louisiana where he served a sentence and was ultimately paroled and then released from parole. Some twenty years later the petitioner was convicted on a bad check charge in Texas. He was sentenced to two years imprisonment to which were added the thirty-nine years left unserved on his previous Texas sentence. The federal Court of Appeals held,

> . . .that the extraditing of Shields to Louisiana authorities and the release by Texas of the prisoner before expiration of his sentence constituted a waiver of jurisdiction over Shields, especially where the surrendering sovereign (Texas) showed no interest in the return of the prisoner, either by agreement between the sovereigns, by detainer, or any other affirmative action

taken by it following his release in Louisiana. [370 F.2d at 1006]

In the *Shields Case* the court distinguished *Thompson* v. *Bannan,* 298 F. 2d 611 (6th Cir. 1962), where it was held that release or surrender of a convict who had not yet begun his sentence did not incapacitate the surrendering state from committing the petitioner thereafter. While the statement that "a prisoner may not be required to serve his sentence in installments," *White* v. *Pearlman,* 42 F. 2d 788 (10th Cir. 1930), has a nice ring to it, the distinction between surrender to another jurisdiction of a person awaiting incarceration and surrender of one who has begun serving a sentence is troublesome if it is to be the basis for saying whether jurisdiction is waived. While the court in *Shields* v. *Beto* did not discuss or even intimate an estoppel theory, it would have been appropriate to have done so. The passage of a long period of time with no evidence of an attempt at extradition or other effort to reassert itself makes it seem patently unfair to tack thirty-nine years of a very stale forty-year sentence on a new two-year sentence.

George might have been successful in resisting extradition to Arkansas. But that is not the question here, as he voluntarily reentered Arkansas knowing he had not served his Arkansas sentence. *See also Grieco* v. *Langlois,* 181 A. 2d 230 (R.I. 1962). *Cf. State* v. *Knapp,* 599 P. 2d 855 (Ariz. App. 1979).

While one effect of the Arkansas commitment may be to place George in violation of his Texas parole obligations, that is not a consideration in determining whether the Desha County circuit court had the power to commit him. *U.S.* v. *Marrin,* 227 F. 314 (E.D. Pa. 1915).

While this opinion makes much ado over the issues raised and yet holds the petitioner was not entitled to a hearing, we are convinced, and our further holding is, that had every allegation in the petition been proven the petitioner would not have been entitled to the writ.

Affirmed.