Donnie Ray PETERSON v. STATE of Arkansas

CR 88-17                                    756 S.W.2d 897

Supreme Court of Arkansas
Opinion delivered September 19, 1988

*Allen Law Firm*, by: *Arthur L. Allen*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals the trial court's denial of his Rule 37 petition, and contends the court violated A.R.Cr.P. Rule 24.4(c) by not informing him that the possible sentences in Case No. 84-3378, which included guilty pleas to burglary and theft, could be ordered consecutively. He further argues that his counsel was ineffective because his counsel misrepresented the length of sentence that appellant might expect. We find appellant's claims unmeritorious, and therefore affirm.

In June 1985, the appellant, as required by A.R.Cr.P. Rule 24.4, was fully advised of the consequences of pleading guilty, except that, after informing him of the maximum sentences on

the two counts in Case No. 84-3378, the court failed to mention the length of time possible if consecutive sentences were imposed. *See* Rule 24.4(c). At the same hearing and because appellant had four other cases pending against him, the trial court granted appellant's request that sentencing on the counts in Case No. 84-3378 be postponed until after the other cases were tried or otherwise concluded.

In the following September, appellant pled guilty to felony charges in three of the cases, and on the morning of October 15, 1985, he pled guilty to counts in the fourth case, No. 85-2478, which involved two felonies and a misdemeanor. Later that same day, the court imposed sentences in all five of appellant's cases. In doing so, the trial judge ran the sentences imposed in 85-2478 and the other three cases concurrently, but stacked the two sentences imposed in Case No. 84-3378. Appellant challenges only the consecutive sentences given in 84-3378.

This court has held that compliance with Rule 24 is mandatory. *McDaniel* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986). We have also held that a substantial, though not technical, compliance with Rule 24.4 is sufficient. *Clark* v. *State*, 271 Ark. 866, 611 S.W.2d 502 (1981). Of course, the polestar when a guilty plea is challenged is to determine whether the plea was made intelligently and voluntarily. *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982).

There is little to distinguish the situation posed here from the one described in *Williams* v. *State*, 273 Ark. 371, 620 S.W.2d 277 (1981), wherein Williams claimed his guilty plea was not a knowing and intelligent one because he thought the sentences would run concurrently, not consecutively as the trial court imposed. There, this court held Williams could not have been misled by the prosecutor or court, and in so holding, we listed many of the same factors that are evident here. For example, in reviewing the record before us, we note the appellant's concession that he is no newcomer to the judicial system since he had had "about thirteen" prior felonies to the ones considered here. As was the case in *Williams*, we consider this factor when assessing whether a defendant is aware of the consequences of a guilty plea.

Next, the record reflects that, at his June 17, 1985 plea hearing, the appellant was fully advised pursuant to Rule 24, with the noted exception that the trial court specifically failed to

mention that the possible maximum sentences could be stacked. The court did, however, advise the appellant that he could receive twenty to forty years on the burglary charge and ten to thirty years on the theft of property charge. Later, at the October 15 sentence hearing and before sentences were imposed, the prosecutor clearly stated, "its time for [appellant] to go to the pen for a very long period of time and would request the maximums in each case to run consecutive." Appellant's only response (by counsel) was an effort to offer mitigating circumstances. The court then proceeded, without objection or further remarks, to announce the sentences in each case, imposing them concurrently except for the two counts in 84-3378.[1]

Furthermore, we note the appellant, on the morning of and before the court imposed sentences in all of his cases, had entered his pleas in Case No. 85-2478 at which time the trial court specifically informed the appellant that the sentences in 85-2478 could be ordered consecutive. Clearly, the appellant was made freshly aware of the trial court's authority to order concurrent or consecutive sentences well before all his sentences were actually imposed.

And finally, the record reveals that the appellant's attorney, in testifying at the Rule 37 hearing, stated that he was sure he had informed his client that consecutive sentences were possible. In sum, we believe the record fails to support the appellant's claim that he was unaware he could receive the consecutive sentences imposed in this cause.

We also find no merit to appellant's second argument that he was misled by counsel on the length of sentence which would be imposed. Appellant was made well aware of the minimum and maximum sentences which could be imposed. He was also made aware that there was no negotiated plea agreement with the prosecutor. Even if counsel's estimate proved erroneous, appellant has not shown that his guilty pleas were not voluntarily entered with the advice of competent counsel.

Affirmed.

---

[1] Appellant could have received a total of 110 years if all sentences had been stacked but instead, his total is 70 years. There were other counts included in these cases that the court merged into the crimes for which the court imposed sentences.