Virginia WALLACE, Warden, Arkansas Dep't of
Correction *v.* Essie Mae WILLOCK

CR 89-223                                        781 S.W.2d 484

Supreme Court of Arkansas
Opinion delivered December 18, 1989
[Rehearing denied January 16, 1990.*]

---

*Turner, J., not participating.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellant.

*Wilbur C. "Dub" Bentley*, for appellee.

TOM GLAZE, Justice. The state appeals from the trial court's granting of the appellee's petition for writ of habeas corpus. In granting the writ, the trial court found that no record or other competent evidence exists to show that the appellee entered voluntary pleas of guilty in the Prairie County Circuit Court, Northern District, to three counts of kidnapping. Without a proper and voluntary plea of guilty, the trial court held that there could not be a valid judgment of guilt or a subsequent valid commitment to the penitentiary. On appeal, the state argues that the trial court erred in granting the writ of habeas corpus. We agree and therefore reverse and dismiss.

The appellee was charged with first degree murder in Prairie County, Southern District, robbery in Monroe County, and three counts of kidnapping in Prairie County, Northern District.[1] On a change of venue, she was tried for the murder charge in Lonoke County and was convicted of the lesser included offense of second degree murder and sentenced to eleven (11) years imprisonment. The appellee states that her trial in Lonoke County was on April 15, 16 and 17, 1975, and that she was sentenced on the following Monday, April 21.

According to three Prairie County, Northern District, kidnapping judgments, the appellee appeared in person and with her attorney, James Burnett, on April 16, 1975, and entered pleas of guilty to the kidnapping charges. These judgments were signed by Circuit Judge W. M. Lee on June 7, 1975. They reflect appellee was sentenced to serve eight (8) years for each count for a total of twenty-four (24) years to run consecutively to the murder and robbery sentence for a total of forty-five (45) years imprisonment. The judgments are the only evidence in the record to support the existence of the appellee's guilty pleas to the kidnapping charges. The appellee denied having pled guilty to the kidnapping charges and testified that she was unaware of the existence of these kidnapping judgments until sometime in 1987.

---

[1] We do not discuss the appellee's robbery charge since it is not at issue in this appeal.

After serving the time for her murder and robbery convictions, the appellee filed a writ of habeas corpus in Jefferson County, where she is detained, alleging that the kidnapping judgments and commitments were invalid.

The state argues that a writ of habeas corpus is not the appropriate remedy under the facts of this case. We must agree. This court has repeatedly held that one is held without lawful authority and thus entitled to writ of habeas corpus when it is shown that the commitment is invalid on its face or the court lacked jurisdiction. *See Johnson* v. *State*, 298 Ark. 479, 769 S.W.2d 3 (1989); *George* v. *State*, 285 Ark. 84, 685 S.W.2d 141 (1985); *Stover* v. *Hamilton*, 270 Ark. 310, 604 S.W.2d 934 (1980); *State* v. *Auten*, 211 Ark. 703, 202 S.W.2d 763 (1947).

The appellee argues that a writ of habeas corpus is also available to question the validity of a conviction, not just the facial invalidity of the conviction judgment. In support of her argument, she cites *Baker* v. *Lockhart*, 288 Ark. 91, 702 S.W.2d 403 (1986), where we said, "a petition for writ of habeas corpus is restricted to the questions of whether the petitioner is in custody pursuant to a valid conviction and whether the convicting court had proper jurisdiction." Unfortunately, the *Baker* court rephrased the long settled rule pertaining to a person's entitlement to a writ of habeas corpus, and in doing so, misspoke. We correct that error by reaffirming our prior holdings, as cited above, that a writ of habeas corpus petition is only proper when it is shown that a commitment is invalid on its face or the court lacked jurisdiction.

In the present case, the Prairie County Circuit Court clearly had jurisdiction to accept guilty pleas to kidnapping charges in that county. Therefore, our review is limited to whether the appellee's convictions are invalid on their face. These judgments state that the appellee and her attorney appeared before the court and entered a guilty plea, and are signed by the circuit judge. However, the appellee contends that her convictions are invalid on their face because the judgments state that the sentences will run consecutively to the sentence in the murder trial, which had not yet been completed. In other words, when the appellee allegedly appeared in Prairie County to enter her guilty plea on April 16, the judge sentenced her to eight (8) years for each count

of kidnapping to run consecutively to her Lonoke County murder sentence, which at the time did not exist.

Appellee's view of the kidnapping judgments as being facially invalid must fail even if her murder case was still pending at the time she pled guilty to the kidnapping counts. Under A.R.Cr.P. Rule 24.4(c), before accepting a plea of guilty, a trial judge must address the defendant personally and inform him or her and determine that he or she understands, among other things, the maximum possible sentence on the charge, including that possible from consecutive sentences. Here, while the trial judge did not know the appellee's murder sentence, he could have fulfilled the requirement of Rule 24.4(c) by having told her the possible range of sentences she could receive for murder. *See Peterson* v. *State*, 296 Ark. 324, 756 S.W.2d 897 (1988). While in *Peterson*, the issue was whether the trial court erred in failing to inform the defendant that his sentences could be ordered consecutively before accepting his guilty plea, the court's discussion of the trial court's meeting of the Rule 24.4(c) requirements is helpful in the present case. The defendant, in *Peterson*, pled guilty to one charge while other charges were still pending. Before accepting his guilty plea, the trial judge instructed the defendant regarding the range of sentences he could receive for the pending charges. Here, we find nothing on the face of the kidnapping judgments that reflects the trial judge failed to tell the appellee the range of sentences possible for her murder charge when he informed her that her kidnapping sentences would run consecutively to that sentence.

While we note the appellee's testimony and evidence supporting her contention that she never appeared in the Prairie County Circuit Court and pled guilty to the kidnapping charges, our review in a habeas corpus case is limited to finding error on the face of those convictions.[2] From our review of the appellee's kidnapping judgments and commitments, we cannot say that they are invalid on their face. Therefore, we must reverse the trial court's granting of the writ of habeas corpus.

---

[2] If appellee is due any relief, it would be under A.R.Cr.P. Rule 37. Such post-conviction relief, however, would not be in Jefferson County, but in Prairie County, where the judgments were filed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. On April 21, 1975, the appellee was sentenced to a term of eleven years in the Arkansas Department of Correction after her conviction for second degree murder. The document accompanying her to the Department of Correction on April 21, 1975, indicated that she had a sentence of eleven years to serve. Subsequently, the Department received commitments reflecting a sentence of ten years on a robbery charge and three eight-year sentences on kidnapping charges from Prairie County. The robbery sentence has been served. The commitment papers indicated that the appellee entered pleas of guilty to the kidnapping charges in Prairie County on April 16, 1975. After the appellant had served the time for the original commitment, the Department refused to release her, basing its asserted right to hold her upon the subsequently-received commitments. A petition for a writ of habeas corpus was filed, and the trial court granted a hearing on the motion. After the hearing, the trial court held that the appellee had not entered guilty pleas and that the court had no jurisdiction to pronounce the sentences.

While the subsequent commitments indicated that Essie Mae Willock had entered guilty pleas in Prairie County on April 16, 1975, the record clearly shows and the trial court found that she was in the second day of a three-day trial, in Lonoke County, on the murder charge, when the guilty pleas were allegedly entered. At the hearing on the petition for habeas corpus, the trial court found that there was no record or other competent evidence existing to show that the petitioner had voluntarily entered a plea of guilty, nor any other plea in the circuit court of Prairie County, in cases No. CR 74-14, CR 74-15, and CR 74-16, to the charges of kidnapping. The court explicitly held that the petitioner did not enter any plea in Prairie County, guilty or otherwise, in the above-cited cases. After making his findings, the trial court concluded that "There cannot be a valid judgment of guilt or a subsequent valid commitment to the penitentiary."

It is somewhat of a mystery to me why the Director of the Department of Correction wants to hold a prisoner after receiving a valid court order indicating that the prisoner is entitled to be released. Such a hard-nosed position serves only to increase litigation and other costs. In the present case, the state of

Kentucky is waiting to take charge of this prisoner. If the cost of keeping prisioners is so high and the space so scarce, the state should not be unnecessarily spending tax money trying to hold persons who have served their sentences. It seems to me that we will have sanctioned an injustice in the name of justice if we allow the Director to prevail in this case. I can see no valid state purpose nor any benefit to society in holding this person in prison after a court of competent jurisdiction has determined that she is entitled to be released.