SLIP OPINION  Cite as 2013 Ark. 378

# SUPREME COURT OF ARKANSAS

No. CV-11-488

| | |
|---|---|
| | **Opinion Delivered** October 3, 2013 |
| LAMAR BORIS DAVIS<br>APPELLANT | PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT, 35CV-11-63, HON. JODI<br>RAINES DENNIS, JUDGE |
| V. | |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | APPEAL DISMISSED. |

## PER CURIAM

On July 31, 2011, appellant Lamar Boris Davis, an inmate incarcerated in the Arkansas Department of Correction (ADC) at a facility in Jefferson County, filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court. The circuit court denied the petition, and appellant lodged this appeal.

We dismiss the appeal because the Jefferson County Circuit Court can no longer grant the relief requested by appellant. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam); *Fudge v. Hobbs*, 2012 Ark. 80 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001. *Wilencewicz*, 2012 Ark. 230; *Davis v. Hobbs*, 2012 Ark. 167 (per curiam). Appellant's petition was not filed under Act 1780, and the public records

of the ADC confirm that appellant is now incarcerated in a facility in Lincoln County.

A circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Chestang v. Hobbs*, 2011 Ark. 404 (per curiam); *Buckhanna v. Hobbs*, 2011 Ark. 119 (per curiam). When a prisoner who seeks habeas relief is transferred to a facility in a different county, the circuit court in the county where the prisoner was previously incarcerated no longer has jurisdiction to issue and make a returnable writ. *Wilencewicz*, 2012 Ark. 230. Although the Jefferson County Circuit Court may have retained subject-matter jurisdiction, it does not retain personal jurisdiction over the person in whose custody the prisoner is detained, and an order by that court will not act to effect his release. *Id.* This court will dismiss an appeal of the denial of a petition for writ of habeas corpus where the appellant is no longer incarcerated in the county where his petition was filed because the court can no longer grant the relief sought. *Id.*

Appeal dismissed.

*Lamar Boris Davis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., and *Adrienne Woods*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.