

Cite as 2013 Ark. 471

# SUPREME COURT OF ARKANSAS

No. CV-13-676

MARCUS W. FIELDS
   PETITIONER

v.

STATE OF ARKANSAS
   RESPONDENT

Opinion Delivered    November 14, 2013

PRO SE MOTIONS FOR BELATED APPEAL OF ORDER AND TO COMPLETE THE RECORD [LEE COUNTY CIRCUIT COURT, 39CV-13-23, HON. RICHARD L. PROCTOR, JUDGE]

MOTION FOR BELATED APPEAL DISMISSED; MOTION TO COMPLETE RECORD MOOT.

## PER CURIAM

On February 19, 2013, petitioner Marcus W. Fields filed a pro se petition for writ of habeas corpus in the circuit court in Lee County where he was incarcerated. The circuit court dismissed the petition. Petitioner failed to file a timely notice of appeal, and he now seeks leave to proceed with a belated appeal and asks that a writ of certiorari be issued to complete the record.

We need not consider the merits of the motion for belated appeal because the Lee County Circuit Court can no longer grant the relief requested by appellant. The motion to complete the record is moot.

An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Davis v. Hobbs*, 2013 Ark. 378 (per curiam); *Wilencewicz v. Hobbs*, 2012

SLIP OPINION

Ark. 230 (per curiam); *Fudge v. Hobbs*, 2012 Ark. 80 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-101 to -108 (Repl. 2006). *Borum v. State*, 2011 Ark. 415 (per curiam). Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. *Id.* Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Wilencewicz*, 2012 Ark. 230. Appellant's petition was not filed under Act 1780, and the public records of the Arkansas Department of Correction confirm that appellant is now incarcerated in a facility in Lincoln County.

A circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Davis*, 2013 Ark. 378; *Chestang v. Hobbs*, 2011 Ark. 404 (per curiam); *Buckhanna v. Hobbs*, 2011 Ark. 119 (per curiam). When a prisoner who seeks habeas relief is transferred to a facility in a different county, the circuit court in the county where the prisoner was previously incarcerated no longer has jurisdiction to issue and make a returnable writ. *Davis*, 2013 Ark. 378; *Wilencewicz*, 2012 Ark. 230. Although the Lee County Circuit Court may have retained subject-matter jurisdiction, it does not retain personal jurisdiction over the petitioner who is not in custody in Lee County, and an order by the Lee County Circuit Court will not act to effect his release. *See Davis*, 2013 Ark. 378. This court will

dismiss an appeal of the denial of a petition for writ of habeas corpus where the appellant is no longer incarcerated in the county where his petition was filed because the court can no longer grant the relief sought. *Id.*

Motion for belated appeal dismissed; motion to complete record moot.

*Marcus W. Fields*, pro se petitioner.

No response.

SLIP OPINION