

# SUPREME COURT OF ARKANSAS

**No.** CV-13-571

| | |
|---|---|
| JOHN RICHARD LUKACH<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** March 6, 2014<br><br>PRO SE MOTION FOR EXPANSION<br>OF PAGE LIMIT FOR BRIEF AND<br>MOTION FOR EXTENSION OF TIME<br>TO FILE BRIEF; MOTION FOR<br>HEARING AND FOR APPOINTMENT<br>OF COUNSEL; MOTION TO ATTACH<br>DIRECT-APPEAL BRIEFS AS<br>EXHIBITS; AMENDED MOTION FOR<br>EXPANSION OF PAGE LIMIT FOR<br>BRIEF [JEFFERSON COUNTY<br>CIRCUIT COURT, NO. 35CV-13-12]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS<br>MOOT</u>. |

## PER CURIAM

On January 8, 2013, appellant John Richard Lukach filed a pro se petition for writ of

habeas corpus in the Jefferson County Circuit Court where he was incarcerated. The circuit

court dismissed the petition, and appellant lodged an appeal from the order in this court. Now

before us are appellant's motions for expansion of page limit for brief and extension of time

to file brief, for hearing and appointment of counsel, and to attach direct-appeal briefs as

exhibits, as well as his amended motion for expansion of page limit.

We do not reach the merits of the motions and dismiss the appeal because the Jefferson

County Circuit Court can no longer grant the relief requested by appellant. *See Chestang v. Hobbs,*

2011 Ark. 404 (per curiam). An appeal of the denial of postconviction relief, including an appeal

from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Glaze v. State*, 2013 Ark. 458 (per curiam); *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001. *Wilencewicz*, 2012 Ark. 230; *Davis v. Hobbs*, 2012 Ark. 167 (per curiam). Appellant's petition was not filed under Act 1780, and the public records of the Arkansas Department of Correction confirm that appellant is now incarcerated in a facility in Lincoln County.

A circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Fields v. State*, 2013 Ark. 471 (per curiam); *Chestang*, 2011 Ark. 404. When a prisoner who seeks habeas relief is transferred to a facility in a different county, the circuit court in the county where the prisoner was previously incarcerated no longer has jurisdiction to issue and make a returnable writ. *Fields*, 2013 Ark. 471; *Wilencewicz*, 2012 Ark. 230. Although the Jefferson County Circuit Court may have retained subject-matter jurisdiction, it does not retain personal jurisdiction over the person in whose custody the prisoner is detained, and an order by that court will not act to effect his release. *Davis v. Hobbs*, 2013 Ark. 378 (per curiam). This court will dismiss an appeal of the denial of a petition for writ of habeas corpus when the appellant is no longer incarcerated in the county where his petition was filed because the court can no longer grant the relief sought. *Id.*

Appeal dismissed; motions moot.

*John Richard Lukach*, pro se appellant.

No response.

2

