SLIP OPINION


# SUPREME COURT OF ARKANSAS

No. CV-14-404

|  |  |
|---|---|
| DANNY CROMEANS <br> APPELLANT <br><br> V. <br><br> RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION <br> APPELLEE | Opinion Delivered June 26, 2014 <br><br> PRO SE MOTIONS TO USE ORIGINAL RECORD [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-14-52] <br><br> HONORABLE JODI RAINES DENNIS, JUDGE <br><br> APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

On February 3, 2014, appellant Danny Cromeans filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court. The circuit court dismissed the petition, and appellant lodged an appeal from the order in this court. Now before us are appellant's motions to use the original record lodged in this appeal without reproducing portions of it.

The intent of the motions is not clear, but, in any event, we need not reach the merits of them as the Jefferson County Circuit Court did not have jurisdiction to return a writ of habeas corpus to effect appellant's release from custody. *See Lukach v. Hobbs*, 2014 Ark. 106 (per curiam); *see also Chestang v. Hobbs*, 2011 Ark. 404 (per curiam). An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Glaze v. State*, 2013 Ark. 458 (per curiam); *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody, unless the

petition is filed pursuant to Act 1780 of 2001. *Wilencewicz*, 2012 Ark. 230; *Davis v. Hobbs*, 2012 Ark. 167 (per curiam). Appellant's petition was not filed under Act 1780, and the public records of the Arkansas Department of Correction confirm that appellant was incarcerated in a facility in Lincoln County when he filed the petition.[1]

A circuit court does not have jurisdiction to issue and make a returnable writ to release a prisoner not in custody in that court's jurisdiction. *Lukach*, 2014 Ark. 106; *Fields v. State*, 2013 Ark. 471 (per curiam); *Chestang*, 2011 Ark. 404. As the Jefferson County Circuit Court did not have personal jurisdiction to effect appellant's release, he could not prevail in this appeal. *See Davis v. Hobbs*, 2013 Ark. 378 (per curiam).

Appeal dismissed; motions moot.

*Danny Cromeans*, pro se appellant.

No response.

---

[1]As of the date of this opinion, appellant remains in custody in Lincoln County.