SLIP OPINION



Cite as 2014 Ark. 475

# SUPREME COURT OF ARKANSAS

No. CR-14-92

| | | |
|---|---|---|
| THOMAS JONES | | Opinion Delivered November 13, 2014 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-13-3510] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JAMES LEON JOHNSON, JUDGE |
| | APPELLEE | APPEAL DISMISSED. |

## PER CURIAM

On October 24, 2013, appellant Thomas Jones, who was incarcerated at a unit of the Arkansas Department of Correction ("ADC") located in Pulaski County by virtue of pleas of guilty to two felony offenses, filed a pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006) in the Pulaski County Circuit Court seeking release from custody. Appellant alleged in the petition that the sentences imposed on him were illegal because the sentences violated the terms of the negotiated plea of guilty entered in the cases. The petition was denied, and appellant brings this appeal.

The appeal must be dismissed because appellant has been transferred to a unit of the ADC located in another county. While appellant was incarcerated in Pulaski County when he filed his petition, the records of the ADC, as of the date of this opinion, indicate that he is now incarcerated in Jefferson County. As a result, the Pulaski County Circuit Court no longer has jurisdiction to effect appellant's release from custody. *See Cromeans v. Hobbs*, 2014 Ark. 318 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner on the allegation

that the judgment is illegal is properly addressed to the circuit court in the county in which the prisoner is held in custody.[1] *Borum v. State*, 2011 Ark. 415 (per curiam). Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. *Id.*

We have consistently held that a circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction when the petitioner is asserting the right to release on a claim that he or she is held by virtue of an illegal sentence. *Davis v. Hobbs*, 2013 Ark. 378 (per curiam); *Chestang v. Hobbs*, 2011 Ark. 404 (per curiam); *Buckhanna v. Hobbs*, 2011 Ark. 119 (per curiam). When a prisoner who seeks habeas relief is transferred to a facility in a different county, the circuit court in the county where the prisoner was previously incarcerated relinquishes jurisdiction to issue and make a returnable writ. *Davis*, 2013 Ark. 378; *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam). Although the Pulaski County Circuit Court may have retained subject-matter jurisdiction in appellant's two cases, it does not retain personal jurisdiction over appellant who is not in custody in Pulaski County, and an order by the Pulaski County Circuit Court will not act to effect his release. *See Davis*, 2013 Ark. 378. This court will dismiss an appeal of the denial of a petition for writ of habeas corpus where the appellant is no longer incarcerated in the county where his petition was filed because the court

---

[1]A petition for writ of habeas corpus filed pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), alleging that there is scientific evidence to demonstrate that the petitioner is actually innocent, is properly filed directly in the trial court regardless of the petitioner's place of incarceration.



can no longer grant the relief sought. *Id.*

Appeal dismissed.

*Thomas Jones*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.