SLIP OPINION

Cite as 2014 Ark. 479

# SUPREME COURT OF ARKANSAS

No. CV-14-658

| | |
|---|---|
| ALBERT BELL<br>                    APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>                    APPELLEE | **Opinion Delivered** November 13, 2014<br><br>PRO SE MOTIONS FOR EXTENSION<br>OF TIME TO FILE BRIEF, MOTION<br>FOR APPOINTMENT OF COUNSEL,<br>MOTION FOR WRIT OF<br>CERTIORARI, AND FOR WRIT OF<br>MANDAMUS<br>[JEFFERSON COUNTY CIRCUIT<br>COURT, NO. 35CV-14-211]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>APPEAL DISMISSED; MOTIONS<br>MOOT. |

## PER CURIAM

On May 21, 2014, appellant Albert Bell filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court, alleging that he was incarcerated in a facility in Jefferson County. The circuit court dismissed the petition on several grounds, including a lack of personal jurisdiction due to the transfer of appellant after the filing of the petition to a penitentiary in the state of Utah. Appellant filed a motion for reconsideration that was denied by the trial court. His address on the motion reflects that he had been transferred to a facility in Utah. Appellant has lodged an appeal in this court. Now before us are appellant's motions for extension of time to file brief, for appointment of counsel, for writ of certiorari, and for writ of mandamus.

We do not reach the merits of the motions and dismiss the appeal because the Jefferson County Circuit Court did not have jurisdiction to return a writ of habeas corpus to effect

appellant's release from custody. *See Lukach v. Hobbs*, 2014 Ark. 106 (per curiam); *see also Chestang v. Hobbs*, 2011 Ark. 404 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001. *Wilencewicz*, 2012 Ark. 230; *Davis v. Hobbs*, 2012 Ark. 167 (per curiam). Appellant's petition was not filed under Act 1780, and the public records of the Arkansas Department of Correction verify the change in location.

A circuit court does not have jurisdiction to issue and make a returnable writ to release a prisoner not in custody in that court's jurisdiction. *Cromeans v. Hobbs*, 2014 Ark. 318 (per curiam); *Lukach,* 2014 Ark. 106. When a prisoner who seeks habeas relief is transferred to a facility in a different county, the circuit court in the county where the prisoner was previously incarcerated does not have jurisdiction to issue and make a returnable writ. *Fields v. State*, 2013 Ark. 471 (per curiam); *Wilencewicz,* 2012 Ark. 230. As the Jefferson County Circuit Court did not have personal jurisdiction to effect appellant's release, he could not prevail in this appeal.

Appeal dismissed; motions moot.

*Albert Bell*, pro se appellant.

No response.