Paul E. Danielson, Justice, dissenting. I fully agree that Arkansas prisoners confined in out-of-state facilities under the Interstate Corrections Compact (“ICC”), Arkansas Code Annotated § 12-49-102 (Repl. 2009), must be afforded an avenue by which to seek habeas relief; however, I am simply unable to reconcile the majority’s analysis with our longstanding and well-settled case law. Because I tend to be more persuaded by the Alaska Court of Appeals’ decision in Harvey v. Antrim, 160 P.3d 673 (Alaska Ct.App.2007), and because Hundley did not also direct his petition to his custodian, his New Jersey warden, an agent of appellee Hobbs, I would affirm the circuit court’s dismissal of his habeas petition. I therefore respectfully dissent. It is well settled that the writ of habeas corpus is a vital privilege that is protected by the Arkansas Constitution. See Ark. Const, art. 2, § 11; Cloird v. State, 349 Ark. 33, 76 S.W.3d 813 (2002) (per curiam); State v. Stapleton, 345 Ark. 500, 51 S.W.3d 862 (2001). It is equally well settled that a petition for the writ is properly addressed to the circuit court in the county in which the petitioner is held in custody[1] and that the writ is to be directed to the person in 19whose custody the prisoner is detained. See Ark.Code Ann. § 16-112-105(b)(l) (Repl. 2006); Meraz v. State, 2013 Ark. 419, 2013 WL 5775668 (per curiam); Barnett v. Burl, 2011 Ark. 483, 2011 WL 5437577 (per curiam); Watts v. Norris, 2009 Ark. 370, 2009 WL 1710697 (per curiam). We have held that, in order for a circuit court to issue and make returnable a writ of habeas corpus to effect the prisoner’s release, the circuit court must have personal jurisdiction over the custodian with immediate physical custody of the prisoner. See, e.g., Tyson v. State, 2014 Ark. 421, 444 S.W.3d 361 (per curiam); Lukach v. Hobbs, 2014 Ark. 106, 2014 WL 890900 (per curiam); Wilencewicz v. Hobbs, 2012 Ark. 230, 2012 WL 1877415 (per curiam). In the instant case, Hundley is confined within a New Jersey correctional facility, pursuant to Arkansas’s ICC. Likewise, in Harvey, Harvey was convicted in Alaska, yet was confined and serving his Alaska sentence in an Arizona correctional facility under a contract with the Alaska Department of Corrections. See Harvey, 160 P.3d 673. Curiously, despite his having named as respondents to his habeas petition both the Alaska Commissioner of Corrections and the warden of the Arizona facility in which he was housed, Harvey claimed that the courts of Alaska had no jurisdiction over his habeas litigation because the Alaska courts had no personal jurisdiction over his immediate custodian, the Arizona warden. See id. The Alaska Court of Appeals disagreed, relying on Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), and Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972), and opined that [b]oth Braden and Strait confirm that, even though a court must normally have jurisdiction over a prisoner’s immediate custodian in order for the court to entertain the prisoner’s habeas corpus petition, that jurisdiction need not be based on the custodian’s physical presence within the court’s territorial jurisdiction. Instead, the requisite jurisdiction can be established by service of process if, because of agency or otherwise, the custodian has sufficient contacts with the court’s territorial jurisdiction. Harvey, 160 P.3d at 677. The court reasoned that in Harvey’s case, “his immediate custodian (Warden Luna [of the Arizona correctional facility]) holds him in prison as the agent of the Alaska Department of Corrections,” and because the Arizona warden held him as an agent of the Alaska Department of Corrections, “Luna is reachable by service of process in the State of Alaska.” Id. at 677-78. Accordingly, the court held, [t]he fact that an Alaska prisoner is confined outside the territorial limits of Alaska does not defeat the authority of Alaska courts to entertain the prisoner’s habeas corpus litigation if the prisoner’s immediate custodian is an agent of the Alaska Department of Corrections, with Alaska correctional officials having the authority to order the prisoner returned to Alaska. Id. at 678. Indeed, the instant case presents us with a unique set of facts that do not appear to have a remedy under this court’s current case law, and I appreciate the majority’s efforts to fashion such a remedy. While. I fully acknowledge that the Alaska court’s reasoning might not perfectly coincide with our jurisprudence on habeas-corpus relief, I simply believe the Harvey court’s reasoning to be less in contravention of Arkansas jurisprudence than those decisions relied on by the majority. Here, the majority holds that Hobbs is Hundley’s custodian because he is the person in whose custody Hundley is detained by virtue of the fact that he determines where Hundley is physically incarcerated; but, this reasoning could equally well apply to those Arkansas prisoners confined in-state because it is Hobbs who decides where all Arkansas inmates shall serve their sentences. See Ark.Code Ann. § 12-27-113 (Repl. 2009); Stapleton, 345 Ark. 500, 51 S.W.3d 862. My fear is that such an application could do away with our 11 Jong-standing precedent construing the custodian of the prisoner as “the person ... having physical custody of the prisoner.” State Dep’t of Pub. Welfare v. Lipe, 257 Ark. 1015, 1017, 521 S.W.2d 526, 528 (1975). To that end, I would apply the Harvey court’s reasoning to habeas petitions filed by Arkansas prisoners confined outside the state under the ICC. In light of the fact that Hundley did not also direct his petition to the person having physical custody of him, the warden of the New Jersey correctional facility in which he is currently confined and an agent of Hobbs under the ICC and the contract between Arkansas and New Jersey, the circuit court would have been unable to issue a writ to effect Hundley’s release, even if warranted. For this reason, I cannot say that the circuit court erred in dismissing his petition, and I respectfully dissent. . This is trae unless the petition is filed pursuant to Act 1780 of 2001, in which case the petition is properly Bled in the court in which the conviction was entered. See Cromeans v. Hobbs, 2014 Ark. 318, 2014 WL 2931976 (per curiam); Henderson v. State, 2014 Ark. 180, 2014 WL 1515878 (per curiam).